## Case No. 14,263.
### TURNER v. WADDINGTON.
[3 Wash. C. C. 126.] 1

Circuit Court, D. Pennsylvania. Oct. Term, 1811.

AUTHENTICATION OF RECORDS — DEBT ON JUDG-MENT—PLEADING.

Upon the plea of nul tiel record to debt, on a judgment in another state, the seal of the court must be annexed to the record itself; and it is not sufficient, that it is annexed to the certificate of the judge of the court, authenticating the attestation of the clerk who certifies the record.

[Cited in Carpenter v. Ritchie (Wash.) 28 Pac. 382; Howe v. Nickerson, 14 Allen, 405; Kirschner v. State, 9 Wis. 145.]

Debt on a judgment recovered in a court in the state of Massachusetts; plea, no such record. The record produced, has only the attestation of the clerk, without the seal of the court annexed. But annexed to the record, is the certificate of the judge of the court, with the seal of the court attached to it, stating that the attestation of the clerk is in due form. This was objected to.

BY THE COURT. The seal ought to have been annexed to the record, of which the certificate of the judge is no part. Juror withdrawn by consent.

## Case No. 14,264.
### TURNER v. WHITE.
[4 Cranch, C. C. 465.] 2

Circuit Court. District of Columbia. May Term, 1834.

PLEADING AT LAW—DEBT ON SINGLE BILL—PLEA OF PAYMENT.

1. A single bill may be declared upon according to its legal effect.

2. Upon the plea of "payment," it is not necessary to produce in evidence the single bill.

3. The plea admits its execution, and that it is truly stated in the declaration.

Debt on a single bill, in the following words: "On demand we bind ourselves, our heirs, &c., to pay to Richard Turner, his heirs, &c., $651. Witness our hands and seals," &c. "George White (Seal)." The declaration was in the name of John Pratt, and John Pratt, Junior. executors of Richard Turner, with a profert of the letters testamentary, by which it appeared that a certificate was "granted to John Pratt, Senior, and John Pratt, Junior, for obtaining a probate" of the will, "in due form."

Mr. Hewitt, for defendant. objected that the letters testamentary did not support the averment that John Pratt, and John Pratt, Junior, were executors of Richard Turner.

1 [Originally published from the MS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters. Jr.. Esq.]

2 [Reported by Hon. William Cranch, Chief Judge.]

The COURT (THRUSTON, Circuit Judge, contra) overruled the objection.

Mr. Hewitt then objected to the admission of the single bill in evidence to support the averment that the defendant "acknowledged himself to be bound" to the plaintiff's testator in the sum of $651.

But THE COURT (nem. con.) overruled the objection; being of opinion that the single bill was well set out according to its legal effect.

And CRANCH, Chief Judge, said, that on an issue upon the plea of payment, it is not necessary for the plaintiff to produce the single bill in evidence; as the plea admits its execution, and that it is such an instrument as is averred in the declaration, or appears on oyer.