## KNOX VS. HUIDEKOPER.

TAX DEED.—*Name of office of person executing : stamp : seal : recital of certificate : tax upon part of a lot : sale in September.*

1. A tax deed executed under the law of 1859 is not invalid because the officer executing the same is therein described as "clerk of the county board of supervisors of A. county:" or as "clerk of the board of supervisors of the county of A.," or as "clerk, board of supervisors, A. county, state of Wisconsin," Any such description which identifies the officer and shows his relations to the board, is sufficient.

2. Under the law of 1859, the tax deed should be sealed with the corporate seal of the proper county or municipal corporation, and not with the private seal of the person executing it.

3. Such a deed is admissible in evidence, although not *stamped* at the time of the commencement of the action, if it has since been stamped by the collector of the proper district, in pursuance of the act of Congress of March 3, 1865.

4. A tax deed, which follows the form given by the law of 1859, stating that "B., assignee of the county of A., has deposited," &c., contains a sufficient recital of the assignment of the tax certificate.

5. Where part of a city lot belongs to one person and part to another, it is the duty of the assessor to assess each part to the proper owner, if known.

APPEAL from the County Court of *Milwaukee* County.

Ejectment. Plaintiff claimed under a tax deed, executed in September, 1865, upon a sale made in September, 1862. The court refused to receive the deed in evidence; and the plaintiff appealed from a judgment of nonsuit. The objections taken to the deed will appear from the opinion; that first mentioned being the one which the county court held valid.

*Stark & McMullen*, for appellant.

*Brown & Pratt*, for respondent, to the point that the deed was not signed by an officer known to the law, cited ch. 129, Laws of 1861, and ch. 399, Laws of 1862. As to the absence of a stamp until after the commencement of the action, they argued that the record of the deed before it was stamped was a nullity; that defendant had a right to redeem until the deed was duly recorded; and that consequently, at the commencement of the action, plaintiff had not a *fee simple* title. To the point that there was no authority to tax and sell a *part* of a lot, they cited R. S., ch. 18, sec. 17.

COLE, J. The county court ruled out the tax deed offered in evidence, because it was not upon its face *prima facie* evidence of title. A number of objections were taken to the deed in the court below, which are insisted upon here at greater or less length. They will be considered in the order they were taken.

The first objection is, that the deed did not purport to be signed by any officer known to the laws at the date of its execution. In the *testatum* clause of the deed, the officer describes himself as "the clerk of the county board of supervisors of the county of Milwaukee," and signs and executes the deed under the corporate seal of the county, as "clerk, board of supervisors, Milwaukee county, State of Wisconsin." Now

it is claimed that inasmuch as the 3d section of chap. 129, Laws of 1861, declares that "the county board of supervisors" shall be a body corporate known by and under the name and style of the county board of supervisors of (naming the county)," that there was no such officer as "*clerk, board of supervisors,*" &c., and that this mistake in the designation of the title of the officer renders the deed invalid. We consider the objection quite untenable. In the law of 1859, which prescribes the form of a tax deed (sec. 50, chap. 22), the office is designated as "the office of the clerk of the county board of supervisors of the county of——;" while in the 51st section the officer is spoken of as "the clerk of the county board of supervisors," and "the clerk of the board of county supervisors." The 6th section of the act of 1861, above referred to, provides for "the first election for clerk of the board of county supervisors," when but a moment before the legislature had enacted that the technical corporate name of the board should be "the county board of supervisors of ——." From these instances, and numerous others which might be cited from our statutes, if necessary, it will be seen that no certain title or description of the office of the clerk is given, he being indiscriminately named "clerk of the county board of supervisors," "clerk of the board of county supervisors," or "clerk of the board of supervisors," when referred to by the legislature. Chapters 398 and 399, Laws of 1862; chapters 290 and 292, Laws of 1863; chapters 120 and 460, Laws of 1864; chapters 124 and 264, Laws of 1865. Either one of these descriptions is sufficient to identify the officer and show his relations to the board, and we think fully meets the requirements of the law.

The second objection is, that the deed should be sealed with the private seal of the clerk executing it. This objection has been overruled in the case of *Woodman v. W. L. Clapp et al.,* [*ante,* p. 355], where it was held that the law of 1859 only required one seal to be affixed to a tax deed, and that this seal

should be the corporate seal of the county or municipal corporation.

The next objection is, that the deed was invalid because it was not stamped prior to the commencement of the action. Without expressing any opinion whatever upon the question whether it was necessary to stamp the deed in order to make it valid, it is a sufficient answer to say that it appears the instrument was stamped by the collector of the proper district under the authority given him by the act of March 3, 1865, within twelve months after the same was executed. See Laws of the 38th Congress, p. 482.

Again, it is said there was no proper or sufficient recital in the deed offered in evidence, of the assignment of the certificate of tax sale by the county to the plaintiff. The deed in this particular follows the form given by the law of 1859, and recites that " *Thomas M. Knox*, assignee of the county of Milwaukee, has deposited in the office of the clerk of the board," &c., eight certificates. This was in strict conformity to the statute, and must be held sufficient. See *Woodman v. H. S. Clapp*, [*ante*, p. 350.]

It is also objected, that it appeared from the deed that only one-half of a lot was sold, which was unauthorized. It is insisted that the law requires the assessment and sale of real estate in entire lots, although parts of the lot may belong to different owners. We do not so understand the law. The statute requires the assessor to list each parcel of real estate subject to taxation within his town, city or ward, in numerical order as to lots and blocks, with the name of the owner, if known, set opposite to each parcel. Section 23, chap. 386, Laws of 1860. And when part of a lot belongs to one person and part to another, it is clearly the duty of the assessor to assess each part to the proper owner.

The law of 1859 required, when, for any cause other than therein provided, lands were not sold in April, that they should

be advertised and sold on the first Tuesday of September following. Section 4. This disposes of the last objection taken to the deed.

We are of the opinion that the deed was valid on its face, and that it was improperly ruled out by the county court.

*By the Court.*—The judgment of nonsuit is set aside, and a *venire de novo* awarded.