[No. 724.]

## GEORGE W. PHELPS, RESPONDENT, v. JAMES DUFFY, APPELLANT.

FOREIGN JUDGMENT—JURISDICTION NEED NOT BE ALLEGED.—In bringing suit upon a judgment recovered in a sister state it is not necessary to allege in the complaint that the court, in which the judgment was rendered, had jurisdiction either of the subject-matter of the action, or of the defendant. Want of jurisdiction is matter of defense.

IDEM—PRACTICE ACT.—If section 59 of the practice act applies to foreign judgments, then the complaint is sufficient in this case, for the reason that it conforms to the provision of this section.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*T. W. W. Davies and Thos. Wells*, for Appellant.

I. The complaint in this cause is radically defective. There is no exemplification of the judgment sued upon, nor is there any allegation that the foreign court was a court of record, or of general jurisdiction, or that it had jurisdiction of the subject-matter in this case. Jurisdiction must appear by the record, and is not to be presumed. (*Fisher* v. *Lane*, 3 Wilson, 303; *Buchanan* v. *Rucker*, 9 East, 192; *Thurber* v. *Blackbourne*, 1 N. H. 242; *Hall* v. *Williams*, 1 Fairf. 278, 286; *Kane* v. *Cook*, 8 Cal. 449; *Aldrich* v. *Kinney*, 4 Conn. 380; *Hall* v. *Williams*, 6 Pick. 232; *Kibbe* v. *Kibbe*, Kirby's Rep. 119; *Robinson* v. *Ward's Exrs.*, 8 Johns. 86; *Bissell* v. *Briggs*, 9 Mass. 462; *Rogers* v. *Coleman*, Harding's Rep. 423; *Benton* v. *Burgot*, 10 Sergt. & R. 242; *Borden* v. *Fitch*, 15 Johns. 121; *Goodrich* v. *Jenkins*, 6 Ohio, 43; *Gwin* v. *McCarroll*, 1 Sm. & Mar. 368; *Steen* v. *Steen et al.*, 3 Cushman, 513; *Smith* v. *Smith*, 17 Ill. 480; 1 Smith's L. Cases, part 2, 1021 *et seq.*)

In the cases cited by respondent, it appears in every case that the court pronouncing judgment was a *court of record*, and that therefore presumption was indulged as to the regularity of the proceedings.

II. Section 59 of the civil practice act of this state is intended to apply to domestic judgments.

A similar section (161) of the New York code has been so construed. (*Hollister* v. *Hollister*, 10 Howard R. R. 539; *Corwin* v. *Merritt*, 3 Barb. 341.)

*Lewis & Deal*, for Respondent.

I. It is only necessary to allege jurisdiction in the court in which the judgment upon which the action was brought in the case of a court whose title indicates that it may be one of limited jurisdiction. Want of jurisdiction is matter of defense. (1 Estee's Pl. and Forms, 450, and cases there cited; 1 Abbott's Forms, 333; *Wheeler* v. *Raymond*, 8 Cowen, 314; *Low* v. *Burrows*, 12 Cal. 188.)

II. It appears from the face of the complaint that the judgment was entered in a court having general jurisdiction. (*Fort* v. *Stevens*, 17 Wend. 487; 1 Chitty on Plead. 371.)

III. The complaint in this case is in accordance with the provisions of section 1122, Comp. Laws. This applies to the judgment of a foreign court. (*Halstead* v. *Black*, 17 Abb. Pr. 228.)

By the Court, BEATTY, J.:

This is a suit upon a judgment. There was a general demurrer to the complaint, which was overruled, with leave to answer. Failing to answer in time, the defendant was defaulted, and judgment thereupon entered for the plaintiff. On appeal from the judgment, the only question presented is this: Does the complaint state facts sufficient to constitute a cause of action? The specific objection to the complaint urged upon the argument is, that it does not show that the court in which the judgment is alleged to have been recovered had jurisdiction either of the subject-matter of the action or of the defendant. The portion of the complaint to

which this objection applies is as follows: "That on, etc., at · the city and county of San Francisco, state of California, in the district court of the fourth judicial district of the state of California in and for the said city and county of San Francisco, in an action therein pending between·plaintiff and defendant, said court last above-mentioned, duly adjudged that plaintiff should have and recover," etc.

In support of the demurrer, we have been referred to a great many cases in which it has been held that a judgment has no validity outside of the state in which it has been obtained, unless the court by which it was given had jurisdic- of the subject-matter and of the parties. This proposition is not disputed; and there can be no doubt that, in an action of this kind, where the fact of jurisdiction is put in issue by proper pleadings, the plaintiff must fail at the trial, unless he can show the facts necessary to confer jurisdiction. But whether jurisdiction must be alleged in the complaint, either in general terms or by specific averment of the facts necessary to confer it, is another question. Very few of the cases cited by appellant touch this question; and there is but one in which it was directly involved and decided. That was the case of *McLaughlin* v. *Nichols* (reported in 13 Abb. Pr. R. 244), decided by the supreme court of the second district of New York. No other case that has fallen under my observation goes to the same extent; and that case is scarcely reconcilable with the decisions of other courts of higher authority in New York. It has, however, led both Wait and Abbott, in their works upon forms and practice, to state the rule to be that the complaint, in this class of actions, must at least show that the court in which the judgment was rendered was a court of general jurisdiction. Estee states the rule otherwise. In view of this diversity of opinion, it becomes important to inquire what were the approved precedents for declarations upon foreign judgments in England before the new rules of pleading introduced by the adoption of the code.

These precedents will be found in the second volume of Chitty's Pleadings, pp. 244 and 413; and neither those in debt (which was the proper form of action on the judgment

of a sister state) nor those in assumpsit contain any allegation as to the jurisdiction of the court. These precedents are founded upon decisions made before and about the time of the revolution by the courts of highest authority in England. In framing them, Mr. Chitty had the case of *Walker* v. *Witter* (1 Doug. 5), decided by Lord Mansfield in the King's Bench in 1778, directly in view, and the form he gives of a declaration in debt upon a Jamaica judgment is taken from the declaration in that case, leaving out what the court there decided to be surplusage ; among other things, the statement that the court in Jamaica was a *court of record*.

The authority of Mr. Chitty upon questions of pleading has always been very high, and there can be no doubt that his precedents have been generally followed in this country in the numerous actions upon state judgments that have been brought since their publication. The fact that but one case can be found in which the form of declaration sanctioned by him has been held substantially defective, is the strongest sort of proof that it is generally esteemed sufficient. In fact, it is clearly to be implied from the language of many of the cases that want of jurisdiction is matter of defense. It seems to be established that defendant can take advantage of it by pleading the general issue; but there never could have been any question of this, as there frequently has been, if it had been considered necessary that the declaration should allege jurisdiction.

The case of *Kibbe* v. *Kibbe* (Kirby, 119), was decided in Connecticut in 1786, before Chitty wrote, but after Lord Mansfield's decision in *Witter* v. *Walker, supra.* The attorneys in that case certainly did not understand the rule to be as contended for. For the defendant having pleaded specially want of jurisdiction in the foreign court, the plaintiff *replied* the facts which he claimed gave jurisdiction. Issue in law was finally joined upon demurrer to the sur-rejoinder.

Of course, under the rule that judgment must be given upon the whole record against the party who has committed the first fault in pleading, it was proper for the court to pronounce upon the sufficiency of the declaration. This

they did, and decided that it was fatally defective, because it did not allege facts necessary to confer jurisdiction. It is evident, however, that this point was not necessarily in question, because the pleadings subsequent to the declaration showed affirmatively that the foreign court did not have jurisdiction.

The case of *Thurber* v. *Blackbourne* (1 N. H. 242), was also decided upon the ground that the *record* did not show jurisdiction in the foreign court. But I am inclined to infer, from the language of the opinion, that the judgment in that case had been pleaded with a *profert*, and set out upon *oyer* demanded, and that the record spoken of was not the pleadings in that case, but the exemplified judgment of the foreign court. But however this may be, there are no other cases that support the appellant, and the authority of these cases is very weak against the strong negative testimony in favor of the correctness of Chitty's forms.

The case of *Newell* v. *Newton* (10 Pick. 470), is not in point, for that involved the sufficiency of a plea in abatement, upon the ground of the pendency of another action for the same cause in another state. Pleas in abatement are judged by stricter rules than declarations; they must be certain to every intent, and defects in them may be reached by general demurrer, which in declarations can only be reached by special demurrer.

The case of *Wheeler* v. *Raymond* (8 Cowen, 311), also involved the sufficiency of the same plea, and it was sustained. *A fortiori* a declaration in substance the same would have been held good. Yet, in that case it was not alleged that the Vermont court was one of general jurisdiction; neither were all the facts necessary to confer jurisdiction alleged. This was one of the objections taken to the plea, and in reference to which the court says (p. 314): "In pleading the judgments of courts of limited jurisdiction, it is necessary to state the facts upon which the jurisdiction of such courts is founded; but with respect to courts of general jurisdiction, such averments are not necessary." From which it appears that in the absence of any allegation on the subject, the court in Vermont was presumed to be a

court of general jurisdiction. This was certainly in conflict with the case of *McLaughlin* v. *Nichol, supra.* (See also 17 Wend. 485.)

My conclusion is, that the complaint in this case is sufficient, without reference to any of the provisions of our practice act. If section 59 applies to suits upon foreign judgments, as is held in *Halstead* v. *Black* (17 Abb. Pr. R. 227), and there is no decision to the contrary, it is sufficient, for the reason that it conforms to the provisions of that section.

Judgment affirmed.