LEVI J. SPECKLEMEYER, PLAINTIFF IN ERROR, V. MARCUS C. DAILEY AND SAMUEL S. DAILEY, DEFENDANTS IN ERROR.

Foreign Judgment: PLEADING. In an action founded upon a judgment, alleged to have been rendered by the Boone county circuit court in the state of Indiana, it was *Held*, That it was not necessary to allege in direct terms that such court was a court of general jurisdiction, but that the courts of this state would take judicial notice of the fact that the circuit courts of sister states are courts of general jurisdiction.

ERROR to the district court for Webster county. Tried below before GASLIN, J.

*J. N. Rickards* and *D. P. Newcomer*, for plaintiff in error, cited: *Tessier v. Englehart & Co.*, 18 Neb., 173.

*Agee & Stevenson*, for defendants in error, cited: *Shotwell v. Harrison*, 22 Mich., 414. *Butcher v. Bank*, 2 Kan., 70.

REESE, CH. J.

. This action was commenced in the district court of Webster county, by defendants in error against plaintiff in error, and was founded upon a judgment rendered by the circuit court of Boone county, Indiana. The petition is in the usual form, with the exception hereafter referred to, for declaring upon judgments rendered by the courts of general jurisdiction in other states.

Plaintiff in error filed a general demurrer, which was overruled, and failing to answer further, a judgment was rendered for the amount due upon the judgment record referred to in the petition. Upon the overruling of the demurrer plaintiff in error excepted, and now prosecutes error in this court, assigning for error the ruling of the district court upon such demurrer.

That part of the petition to which our attention is especially directed is as follows: " The said plaintiffs complain of the said defendant, for that on the 22d day of February, 1878, the said plaintiffs recovered a judgment against said defendant as administrator of the estate of Stephen Specklemeyer, then deceased, and also against said defendant in his own right and person, in the Boone county circuit court, in the state of Indiana, in the sum of $1,146.66, and $12.95 costs of suit, in an action then pending in said court, wherein the said Marcus C. Dailey and Samuel S. Dailey were plaintiffs, and the said Levi J. Specklemeyer, as administrator of Stephen Specklemeyer, deceased, and said Levi J. Specklemeyer was defendant. Said judgment has not been paid, nor any part thereof, except the sum of $126.49, which was paid on said judgment on the 1st day of December, 1884,    *    *    *    * wherefore said plaintiffs pray judgment," etc.

The question presented is, as to the sufficiency of the petition in not alleging in direct terms that the circuit

court of Boone county, of Indiana, is a court of general jurisdiction, nor was it alleged jurisdiction was acquired by personal service of summons, nor that judgment or determination was duly made or given as required by Sec. 127 of the civil code.

This contention is based upon a decision of this court in *Tessier v. Englehart,* 18 Neb., 167. In that case the judgment declared on in the answer had been rendered by the superior court of Cook county, Illinois. In writing the opinion, the then chief justice, COBB, uses the following language: "This defense was demurrable in not alleging either that the superior court of Cook county, Illinois, is a court of general jurisdiction, or that it had jurisdiction of the subject-matter of the judgment or of the person of said defendant. Said court being a foreign tribunal in the sense of the law and authorities, such allegation was necessary, and its absence could be taken advantage of, either by demurrer or by objection to the introduction of testimony under that paragraph of the answer, and perhaps in other ways."

We have no doubt of the correctness of that decision, but do no not deem it authority in this case. There is nothing in the title of the court referred to which by its terms would indicate that it is a court of general jurisdiction, and therefore it was necessary that the facts conferring such jurisdiction should be pleaded. But in the case at bar the allegation that the judgment was rendered by the Boone county circuit court, in the state of Indiana, was a sufficient allegation that the court rendering the judgment was a court of general jurisdiction.

This question was before the supreme court of the state of Wisconsin in *Jarvis v. Robinson,* 21 Wis., 523, and it was there held that the allegation in the petition, that the judgment upon which the action was brought was rendered in the circuit court of Kane county, state of Michigan, was a sufficient allegation that the court was one of general

jurisdiction.    The following language occurs in an opinion written by Chief Justice Dixon : "I think where the title clearly indicates a court of general jurisdiction it must be so understood, and is equivalent in pleading to express averment of that fact.    Such is the title here.    We all know that the circuit courts of the several states are courts of general jurisdiction, as well as we know that the courts of the justices of the peace are not.    But why should judges assume a degree of ignorance on the bench which would be unpardonable in them when off of it."

In *Shotwell v. Harrison*, 22 Mich., 410, it was decided that the courts of Michigan would take judicial notice that the supreme court of Massachusetts was a court of record. And in *Butcher v. Bank*, 2 Kansas, 70, it was decided that where a petition set out a judgment recovered in the court of common pleas in Pennsylvania, that the courts of Kansas would take judicial notice of the constitutions of sister states, and that the court of common pleas was a court of general jurisdiction.

We therefore hold that the allegation of the petition was sufficient in this respect, and that the demurrer was properly overruled.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.