[No. 206.   Decided July 1, 1891.]

WILLIS A. RITCHIE *v.* JOHN CARPENTER.

FOREIGN JUDGMENTS — ATTESTATION — EVIDENCE — VARIANCE — JURISDICTION — PLEADING.

Under Code 1881, § 480, the records and proceedings of courts of another state are admissible in evidence in all cases in this state without the certificate of the judge thereof that the attestation of the clerk having charge of the records of such court is in due form.

Under § 905, Rev. St. U. S., it will be presumed, without being certified or otherwise shown, that the clerk attesting such records offered in evidence is the proper custodian thereof.

In attesting such records it is not necessary that the seal of the court be attached to the records, but only to the certificate of the clerk.

The signature of the judge to the journal entry of the judgment offered in evidence is not necessary to make it valid.

Where a complaint describes a judgment as rendered for costs in the sum of $19.30, and the judgment offered in evidence was rendered for $18.30, the variance is immaterial.

In an action upon a judgment of the district court of the State of Kansas, originally instituted before a justice of the peace, the objections raised here, that the action was instituted and carried on in Kansas, without any complaint having been filed, that there was no proof that the justice had any authority to certify the case to the district court, and that he did not in fact so certify it, are wholly immaterial.

In an action upon a judgment of a court of record of another state, it will be presumed, in the absence of evidence to the contrary, that it is a court of general jurisdiction; and the recitals in the record of such court of the jurisdiction acquired over defendant's person in that proceeding are *prima facie* evidence thereof.

Want of jurisdiction may be shown by the defendant even to the extent of contradicting express recitals in the record; but pleas to the jurisdiction must be direct and certain, and set up the facts which go to show a want of it.

The name of the defendant in the record offered being identical with that of the defendant in this action is *prima facie* proof of identity of person; and it is incumbent upon the defendant, in order to raise the question of identity, to allege and prove every fact necessary to show that the court had no jurisdiction of his person.

In an action upon a judgment of a court of the State of Kansas, a verdict for the aggregate amount of the judgment there rendered, including the costs of the proceeding and interest thereon, is not erroneous.

*Appeal from Superior Court, King County.*

The facts are fully stated in the opinion.

*G. E. M. Pratt,* and *Thompson, Edsen & Humphries,* for appellant.

*Allen & Powell,* for appellee.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by respondent to recover on a judgment which he claimed to have obtained against the appellant in the district court of Cowley county, Kansas. It will require a somewhat extended statement to present the points raised. The amended complaint alleges:

"*First:* That during all the times herein stated the district court of the thirteenth judicial district of the State of Kansas, in and for the county of Cowley, was a court of general jurisdiction, duly created and organized by the laws of said state.

"*Second:* That on the 22d day of May, 1889, this plaintiff commenced an action against the said defendant in the justice court for the city of Winfield, Cowley county, Kansas, before J. Van De Water, justice of the peace, to recover the sum of $268.78 with interest, which was due this plaintiff by the defendant upon a certain promissory note, together with costs of suit; that on the 22d day of

May, 1889, a summons was duly and regularly issued out of said court, and was on the same day, to wit, May 22, 1889, served on the defendant, Willis A. Ritchie, personally, by the proper officer of said court; that on the 25th day of May, 1889, said cause came on regularly to be heard; that on said day said defendant appeared in person in defense of said action, at which time said cause, upon motion of said defendant, was continued until the 4th day of June, 1889, and on the 4th day of June, 1889, said cause was regularly called for trial by said court, and the defendant appeared in person and by attorneys, Messrs. Crow & White, and thereupon certain proceedings were had, it appearing to the said justice that, under the laws of the State of Kansas, the action should be stayed and should be certified to the district court of the thirteenth judicial district of the State of Kansas, in and for Cowley county, the said action was stayed, and was by said justice certified in due form to the said district court aforesaid.

"*Third:* That thereafter, to wit, on the 25th day of January, 1890, said cause came on regularly to be heard in said district court, the said defendant appearing therein by his said attorneys, Messrs. Crow & White, a judgment was duly and regularly rendered by said court, in said cause, in favor of the plaintiff and against the defendant, for the sum of $301.40, and also for costs therein, amounting to and taxed at $19.30; that said judgment bear interest from said date until paid at the rate of ten per cent. per annum; a copy whereof is hereto attached as a part hereof, and marked exhibit 'A.'"

And contained a prayer for judgment in the sum of $331.50 with interest thereon from the 27th day of May, 1890, at the rate of ten per cent. per annum, and for costs of suit. The defendant denied these matters generally, and for a further defense alleged as follows:

"*First:* He denies that the district court of the thirteenth judicial district of the State of Kansas, in and for the county of Cowley, ever obtained any jurisdiction over the subject-matter of any controversy between plaintiff and defendant, or ever had any such jurisdiction at any time over the subject-matter of any such action or proceeding as that de-

scribed in plaintiff's amended complaint or of any other description whatever.

"*Second:* He denies that any cause of action in favor of plaintiff and against defendant ever existed or was pending in said district court of Cowley county, Kansas, or that any agreement or stipulation was ever entered into, by and between this defendant or any one authorized to act for him, or claiming or pretending to act for him, whereby any subject-matter of controversy of the character mentioned in plaintiff's amended complaint, or of any character, was agreed to be submitted without the intervention of a complaint, to said district court of Cowley county, Kansas, for determination.

"*Third:* He denies that any cause of action, or the subject-matter of any controversy, between plaintiff and defendant, was ever submitted to said district court of Cowley county, Kansas, for judgment and determination, with the knowledge or agreement of said defendant, or any one acting for him, whereby the filing of any complaint or cause of action was in any manner waived or dispensed with."

The only proof offered in evidence was the judgment record, to the introduction of which the defendant objected on the following grounds: That there is no showing that the district court of Cowley county, Kansas, had any jurisdiction of either the subject-matter of the action, or of the parties in controversy; that no statute of the State of Kansas is either pleaded or offered to prove the authority of the justice of the peace to certify an action or proceeding to the district court of Cowley county, or any other county in Kansas; that the justice of the peace did not in fact so certify such record; that the clerk of the district court aforesaid had no authority to certify to this court a copy of any such supposed transcript; that the said record had no seal of such district court attached to it, and that it was not sufficient to attach it to the certificate of the clerk; that the transcript showed that the judgment and record had not been signed by the judge of said court; that the judge did not certify that the attestation was in due form; that

there was a variance between the record as pleaded and the record offered in evidence. The court admitted the record, and it appears thereby that personal service was had on Willis A. Ritchie in Kansas when the action was commenced in justice's court, and that said defendant appeared in person and by his attorneys, Crow & White. That after answering he moved the court as follows:

"And now comes the defendant, and representing to the court that upon the issues raised by the pleadings herein, title to land is in dispute in this action, moves the court to certify this cause to the clerk of the district court of Cowley county, Kansas, in accordance with the provisions of § 7 of the act of civil procedure before a justice of the State of Kansas."

Which motion the justice of the peace overruled at the time, but subsequently, after hearing evidence, granted. Then follows a transcript of the purported journal entry of the judgment rendered therein in said district court, which recites that:

"Now, on this 25th day of January, A. D. 1890, this cause comes on its regular order for trial; plaintiff appears by Peckham & Henderson, his attorneys, and the defendant appears by Crow & White, his attorneys, and the plaintiff and the said defendant announce themselves ready for trial and waive a jury, declaring that this cause shall be heard and tried by the court, and hereupon both parties offer their evidence; in consideration whereof the court finds for the plaintiff and against the said defendant upon the issues joined between them herein, and finds that the said Willis A. Ritchie is indebted to plaintiff upon the promissory note sued on in the sum of three hundred and one and 40-100 dollars ($301.40); and it is hereupon ordered and adjudged by the court that the said plaintiff do have and recover of and from the said defendant, Willis A. Ritchie, the said sum of three hundred and one and 40-100 dollars, and also his costs herein expended, amounting to $18.30, and that the said judgment bear interest at the rate of ten per cent. per annum from the 25th day of January,

1890; and that said plaintiff have general execution against the said defendant therefor."

And the following certificates are appended, attested by the seal of said district court:

"STATE OF KANSAS, COWLEY COUNTY, ss.

"I, Ed. Pate, clerk of the district court of the thirteenth judicial district, in and for the county of Cowley and State of Kansas, do hereby certify that the foregoing are true copies of all the papers and pleadings, and the final journal entry in case No. 4077, John Carpenter vs. Willis A. Ritchie, which case was certified to this court by J. Van De Water, a duly elected and qualified justice of the peace for the city of Winfield, Cowley county, State of Kansas; and that said case was tried in this court and judgment rendered for the plaintiff and against the defendant, Willis A. Ritchie, for the full sum as claimed in his bill of particulars, and for costs as shown by the journal entry; and that the same is the only case between the same parties that has been in this court, and that no appeal was ever taken by the defendant, Willis A. Ritchie, to the judgment of this court, but that said judgment still remains in force and unsatisfied. Oct. 13th, 1890." (Signed) "ED. PATE, clerk of the district court of the thirteenth judicial district, in and for Cowley county, State of Kansas."

"I, M. G. Troup, judge of the thirteenth judicial district in and for Cowley county, State of Kansas, do hereby certify that the above certificate is signed by Ed. Pate, who is clerk of the district court of Cowley county, State of Kansas, and in the thirteenth judicial district." (Signed) "M. G. TROUP, judge of the thirteenth judicial district of Kansas."

"I, Ed. Pate, clerk of the district court of Cowley county, State of Kansas, do hereby certify that the last certificate is signed by M. G. Troup, who is judge of the thirteenth judicial district of the State of Kansas, October 15, 1890." (Signed) "ED. PATE, clerk of the district court, Cowley county, Kansas."

Section 1, article 4* of the constitution of the United States declares that "full faith and credit shall be given

in each state to the public acts, records and judicial proceedings of every other state; and the congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Section 905 of the Revised Statutes is as follows:

"The acts of the legislature of any state or territory, or of any country subject to the jurisdiction of the United States, shall be authenticated by having the seals of such state, territory or country affixed thereto. The records and judicial proceedings of the courts of any state or territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken."

Some of the minor errors alleged will first be taken up without following the order in which the objections have been stated. The point that the record was inadmissible in evidence because the judge did not certify that the attestation was in due form as required by § 905 of the Revised Statutes is disposed of by § 430 of the Code of Washington (1881), which reads as follows:

"SEC. 430. The records and proceedings of any court of the United States or any state or territory shall be admissible in evidence in all cases in this territory when duly authenticated by the attestation of the clerk, prothonotary or other officer having charge of the records of such court, with the seal of such court annexed."

While the legislature could not enact that any further or additional matters should be certified to not required by the laws of the United States, it could dispense with some of

the requirements there provided for. See *Kingman v. Cowles*, 103 Mass. 283.

A further objection was also made, that it must appear by the clerk's certificate, or otherwise, that such clerk had charge of the records of the court in order to authorize him to certify thereto, as provided by the section of the code aforesaid; but § 905 of the Revised Statutes does not require this to be certified to or shown, and this fact would be presumed. The case last cited also holds that the seal of the court attached to the clerk's certificate attests his possession of the record.

The objections that the seal was not attached to the record, and that it was not sufficient to attach it to the certificate of the clerk, that the judgment entry was not signed by the judge, and that there was a variance between the record as pleaded and the one offered in evidence, are not valid. It is only necessary that the seal be attached to the certificate of the clerk, and there it is required by the section aforesaid of the Revised Statutes. See *Turner v. Waddington*, 3 Wash. C. C. 126. The signature of the judge to the journal entry of the judgment was not necessary to make it valid. See *Ainsworth v. Territory*, 3 Wash. T. 270; *Cathcart v. Peck*, 11 Minn. 45; *Childs v. McChesney*, 20 Iowa, 431 (89 Am. Dec. 545). The variance complained of is that the complaint described the judgment as having been rendered for $19.30 costs while the judgment offered in evidence, though similar in other respects to the one pleaded, was rendered for costs in the sum of $18.30. The judgment is pleaded in the third paragraph of the complaint; the denial thereto in the answer was as follows: The defendant " denies the allegations contained in the third paragraph of plaintiff's amended complaint." This was only a denial of the specific sum claimed, and was an admission of any lesser amount so far as the sum alleged was concerned. It is not claimed that the judgment below was,

and it does not appear to have been rendered for the full amount alleged and prayed for. The defendant was not misled. It was not shown or claimed that he was, and the variance was immaterial. Sec. 105 of the Code of Washington (1881) reads as follows:

"SEC. 105. No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and, thereupon, the court may order the pleading to be amended upon such terms as shall be just."

The objections raised that there was no proof that the justice of the peace had any authority to certify the case to the district court, that he did not in fact so certify it, and one of the reasons urged in support of the objection raised to the jurisdiction, which was that the action was instituted and carried on in Kansas without any complaint having been filed, have no force here. The case was sent to the district court upon the defendant's motion and he appeared in the district court and contested the action. The cause of action apparently was founded upon a promissory note which was described in the notice issued by the justice to the defendant; the execution of the note was admitted in the defendant's answer, and a failure of consideration alleged as a defense. Under the circumstances these matters could only have been taken advantage of in the courts of Kansas, if at all.

Questions were raised as to where the burden of proof rested to show the jurisdiction of the Kansas court both over the subject-matter of the action and the person of the judgment debtor, and as to the identity of the defendant in this action as the judgment debtor, and also as to the construction and effect of the pleadings in relation to

these matters. The appellant contends that it was incumbent upon the plaintiff to prove at the trial that the district court was a court of general jurisdiction, or that it had jurisdiction over the subject-matter of that action in any event, and especially so in this case because the plaintiff had alleged jurisdiction in his complaint which appellant denied in his answer. Such allegations in the complaint are not necessary it seems under the authorities. However, the allegation that the district court was one of general jurisdiction cuts no figure as to changing the burden of proof in this case. In the absence of evidence to the contrary it would be presumed that the district court aforesaid is a court of general jurisdiction. See *Phelps v. Duffy*, 11 Nev. 80; *Stewart v. Stewart*, 27 W. Va. 167; *Specklemeyer v. Dailey*, 23 Neb. 101; *Pringle v. Woolworth*, 90 N. Y. 502; *Butcher v. Bank*, 2 Kan. 70 (83 Am. Dec. 446). And the production of the record with the seal of the court to the certificate was *prima facie* evidence that it was a court of general jurisdiction. It being a court of record, it is presumed to have had jurisdiction of the subject-matter of the action. The record itself affords presumptive proof of these matters. The subject-matter of the action was the money claimed to be due for which the action was brought, not the documents certified to the district court by the justice. Questions as to how the issue got in the district court only go to the regularity of the proceedings, and as said before could only be taken advantage of there if that court had jurisdiction of this defendant's person therein. The recitals in the record of the jurisdiction acquired over the defendant's person in that proceeding are *prima facie* evidence thereof, and the defendant offered no proof to contradict any of these matters.

He also contends here that as his affirmative defense was not replied to or denied by the plaintiff that it must be taken as true, and that judgment should have been ren-

dered in his favor thereon. It is doubtful whether the defendant's whole answer raised any other issue than that of *nul tiel record,* and this is the only defense available under a general denial in an action upon a judgment of a court of record of a sister state. The so-called affirmative defenses were denials in form, and nothing was pleaded therein alleging that the court had not jurisdiction of either the subject-matter of the action, or of the defendant's person. The first paragraph of his further defense is the only one in any wise tending to show a want of jurisdiction of the subject-matter wherein it seems to deny that the court had jurisdiction of anything. The first part of the second paragraph attempts to deny that the cause of action ever existed. These amounted to nothing more than statements of conclusions of law. The remaining part of this defense related to wholly immaterial matters. The affirmative defense could not have stood had it been attacked in the superior court. Pleas to the jurisdiction must be direct and certain, and set up the facts which go to show a want of it. See *Hill v. Mendenhall,* 21 Wall. 453; *Welch v. Sykes,* 3 Gilman, 197 (44 Am. Dec. 689); *Diblee v. Davison,* 25 Ill. 486; *Moulin v. Insurance Co.,* 4 Zab. 222; *Shumway v. Stillman,* 4 Cow. 292 (15 Am. Dec. 374); *Price v. Ward,* 25 N. J. Law, 225. But no attention seems to have been given to the affirmative defense at the trial by either party. The appellant did not object to the plaintiff's proof as inadmissible on the ground that this defense had not been replied to, nor did he at any time move the court for judgment upon the pleadings or ask for an instruction for a verdict in his favor upon that ground. If his answer, under the circumstances, raised any issue except that of a bare denial of the record and any advantage could have been taken thereof, it was waived by him in failing to call the attention of the trial court thereto. It is possible an instruction was asked upon this ground by appellant, as an allusion is made in the record to instruc-

tions drafted by the defendant which the court refused to give, but none of these requests to charge are in the record, and consequently we know nothing of them.

Some of the cases above cited go to the extent of holding that not even jurisdictional matters can be questioned in an action upon a judgment of a court of record of a sister state unless a want of jurisdiction is shown by the record. *Mills v. Duryee,* 7 Cranch, 480, seems to be the first case laying down the doctrine that a want of jurisdiction in such cases could not be shown. This was subsequently recognized to be the correct rule in the opinions rendered in a number of cases arising in the state courts. But it was held not to apply, and the effect thereof was avoided in nearly all of such cases to which our attention was called in holding that where the appearance was by an attorney his want of authority to appear could be shown; that the purported appearance by an attorney was only *prima facie* evidence thereof; or that where the record was silent as to any jurisdiction of the person it could be shown that the court in fact had no such jurisdiction, etc. It is now well settled by the weight of authority, and is undoubtedly the better rule, that want of jurisdiction may be shown by the defendant even to the extent of contradicting express recitals in the record, the same as in cases of foreign judgments. They are not regarded in the sense of foreign judgments so that the merits may be inquired into even where jurisdiction is had as in the case of judgments of the courts of other countries, nor yet in respect to jurisdictional matters are they to be regarded in the same light as judgments rendered in our own courts of record. The case of *Mills v. Duryee,* and cases following that decision, are modified to this extent. Freeman on Judgments (3d ed.), §§ 452, 453, and 559 to 566 inclusive; *Thompson v. Whitman,* 18 Wall. 457; *Shumway v. Stillman,* 4 Cow. 292 (15 Am. Dec. 374);

*Bissell v. Wheelock,* 11 Cush. 277; *Jarvis v. Robinson,* 21 Wis. 530; *Buffum v. Stimpson,* 5 Allen, 591 (81 Am. Dec. 768); *Wheeler v. Raymond,* 8 Cow. 311; *Reid v. Boyd,* 13 Tex. 241 (65 Am. Dec. 61); *Moulin v. Insurance Co.,* 4 Zab. 222; *Stewart v. Stewart,* 27 W. Va. 167; *Danforth v. Thompson,* 34 Iowa, 245; *Borden v. Fitch,* 15 Johns. 140 (8 Am. Dec. 225); *Price v. Ward,* 25 N. J. Law, 225. Nor did the fact that it was stated in the complaint in pleading the judgment record that the pleadings in Kansas were had against the defendant in this action, with the denials contained in the answer, raise any issue of identity of person, as such denials amounted to no more than a denial of the record, according to the authorities cited, and it was necessary in this particular to raise the question of identity, for the defendant to allege and prove every fact necessary to show that the court had no jurisdiction of his person. Had the court been one of limited jurisdiction, a different rule would obtain, and the party relying upon the judgment would be bound to show that the court had jurisdiction, if it was denied. But by the great weight of authority in cases like the one here, anything going to show a want of jurisdiction is an affirmative defense, as much so as a defense founded upon a set-off, or upon a payment of a judgment, or that it was obtained by fraud, or that the statute of limitations had run against it, unless this fact should appear upon the face of the complaint, in which case it could be taken advantage of by a demurrer. *Wilt v. Buchtel,* 2 Wash. T. 417. The name of the defendant in the record offered being identical with that of the defendant in this action is *prima facie* proof of identity of person. *Campbell v. Wallace,* 46 Mich. 320. The judgment record, when introduced in evidence, was *prima facie* proof of the plaintiff's right to recover in this action; no less effect could be given thereto under the authorities.

The main controversy in this case was as to what issues

were raised by the pleadings, and as to where the burden of proof rested thereunder. The disposition made of the first point carries the second with it.

The last objection urged, raised in the motion for a new trial, that the damages recovered were excessive, in that interest was computed upon the aggregate amount of the judgment recovered in Kansas from its date which included the costs of that proceeding, is not well taken. The interest was only computed at the legal rate here. Code, § 320, is not limited to domestic judgments. The costs of that proceeding were included in the judgment there rendered, and became a part thereof; said judgment also allowed interest thereon. The legal rate would be recoverable unless a lower rate was specified. See *Hopkins v. Shepard,* 129 Mass. 600; *Shickle v. Watts,* 94 Mo. 410; *Wetherill v. Stillman,* 65 Pa. St. 105.

The judgment of the superior court herein is affirmed.

ANDERS, C. J., and DUNBAR and HOYT, JJ., concur.

STILES, J., concurs in the result.