[No. 1319. Decided May 29, 1894.]

AULTMAN, MILLER & Co., *Appellant*, v. A. J. MILLS, *Respondent*.

FOREIGN JUDGMENT — ACTION ON — PLEADING — WEIGHT OF TESTIMONY.

In an action on a judgment recovered in a sister state, want of jurisdiction may be shown by the defendant, even to the extent of contradicting express recitals in the judgment record of such sister state.

In such an action, where the complaint alleges that the judgment was rendered upon complaint and summons duly and personally served upon the defendant, an answer sufficiently alleges want of jurisdiction when it denies "that said or any valid judgment was duly rendered against him in favor of plaintiff in said amount, or in any amount whatsoever, upon summons, complaint or otherwise, and denies that said complaint or summons, or any complaint or summons, was personally or in any manner served on him, or that he had any notice thereof, or that he ever appeared in such action or authorized any one to appear for him." (HOYT, J., dissents.)

In such an action, the verdict of the jury in favor of defendant will not be disturbed, although the only evidence supporting the verdict is the uncontradicted testimony of the defendant denying the verity of the record.

*Appeal from Superior Court, Clarke County.*

*E. M. Green*, for appellant.

*E. E. Coovert*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J. — This is an action on a judgment from the State of Dakota, brought in this state against a resident of this state, and therefore involves the amount of credit that is to be given by the courts of this state to the judgments of a sister state.  The contention of the appellant is:

1. That in a suit on a judgment recovered in a sister

state the record or judgment roll, showing jurisdiction by personal service on defendant, is conclusive and cannot be impeached in such suit in this state.

2. That defendant has not sufficiently pleaded such failure of jurisdiction by such positive and separate averments as is required by law.

3. That the testimony of defendant was insufficient to support the verdict.

The questions involved in this case were reviewed at considerable length and decided by this court in. *Ritchie v. Carpenter*, 2 Wash. 512 (28 Pac. 380), and this case is cited by both appellant and respondent to sustain their separate contentions.   The constitution of the United States provides that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and congress may prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof.   Congress afterwards, in § 905 of the Revised Statutes of the United States, provided that said records and judicial proceedings so authenticated shall have such faith and credit given to them in every court of the United States as they have by law or usage in the court of the state from which they are taken.

The appellant contends that the only manner in which this judgment could have been successfully attacked was by bringing a direct proceeding to set it aside and have it declared void, as provided by the laws of Dakota.   In *Ritchie v. Carpenter*, *supra*, the court commented upon *Mills v. Duryee*, 7 Cranch, 481, which is a leading case relied upon by appellant to support his contention, and which goes to the extent of holding that jurisdictional matters cannot be questioned in an action upon a judgment of a court of record of a sister state, unless a want of jurisdiction is shown by the record.   But this court, upon a full investigation of the authorities, said:

"It is now well settled by the weight of authority, and is undoubtedly the better rule, that want of jurisdiction may be shown by the defendant, even to the extent of contradicting express recitals in the record, the same as in cases of foreign judgments. They are not regarded in the sense of foreign judgments, so that the merits may be inquired into even where jurisdiction is had as in the case of judgments of the courts of other countries; nor yet in respect to jurisdictional matters are they to be regarded in the same light as judgments in our own courts of record;" citing many cases which modify the doctrine laid down in the case of *Mills v. Duryee* to that extent.

It is true that in *Ritchie v. Carpenter* the court expressed a doubt whether the defendant's answer in that case raised any other issue than that of *nul tiel record*, and stated that that was the only defense available under a general denial in an action upon a judgment of a court of record of a sister state; that the so-called defense was in that case denials in form, and that nothing was pleaded therein alleging that the court had not jurisdiction of either the subject matter of the action or of the defendant's person. But certainly no such construction can be given to the answer in this case. The third paragraph of plaintiff's complaint is as follows:

"That the plaintiff did, on the 18th day of December, A. D. 1891, obtain a personal judgment against the defendant, A. J. Mills, in the sum of $219.40, and interest thereon from December 7, 1877, and costs in the sum of $9.45; that said judgment was duly rendered upon complaint and summons duly and personally served upon said defendant to appear and answer."

We fully concur in the proposition advanced by the appellant, viz., that a defense requiring evidence to contradict the record of another state must be formally pleaded and contain all the allegations necessary to sustain it, as announced in 2 Black on Judgments, § 898, and cases cited. Also the proposition that where want of jurisdiction is to

be proved by extrinsic evidence, the defense must be specially and fully pleaded, sustained by 12 Am. & Eng. Enc. of Law, 149, and cases cited. Also the further proposition that courts of record are always presumed to act in accordance with the authority vested in them by law, and their jurisdiction will be treated as conclusive on the parties, unless the absence of jurisdiction affirmatively appears and is shown.

But we say that, conceding the soundness of all these propositions, their requirements are fully met by the direct and positive denials of the answer in this case. The complaint, as we have shown, avers that the judgment was rendered upon complaint and summons duly and personally served upon said defendant to appear and answer. The denial of defendant is, that defendant denies that said or any valid judgment was duly rendered against him in favor of plaintiff in said amount, or in any amount whatsoever, upon summons, complaint or otherwise, and denies that said complaint or summons, or any complaint or summons, was personally or in any manner served on him, or that he had any notice thereof, or that he ever appeared in such action or authorized any one to appear for him. This is certainly as specific and distinct a denial of the jurisdiction alleged in the complaint as could be well formulated, and if we are to follow the rule laid down in *Ritchie v. Carpenter, supra*, "that want of jurisdiction may be shown by the defendant, even to the extent of contradicting express recitals in the record," where the plea to the jurisdiction is direct and certain and sets up the facts which go to show a want of it, we must hold the answer in this case sufficient.

The remaining contention, that the verdict was not supported by the evidence, we think is not well taken. While it may be true that it will be difficult to enforce the collection of foreign judgments if the unsupported testimony of the defendant is allowed to prevail against the record, yet

in this, as in many other cases, the jury is the judge of the weight of the testimony. In this case the testimony of the defendant was clear and positive that he had never been personally served. That testimony was uncontradicted, was competent, and the jury believed it. Their verdict will, therefore, not be disturbed.

The judgment is affirmed.

STILES, SCOTT and ANDERS, JJ., concur.

HOYT, J. (*dissenting*). — In my opinion the answer was not sufficient to entitle the defendant to put in proof want of jurisdiction in the court in which the original judgment was rendered. If the plaintiff had only alleged the fact of the existence of the judgment record, it is conceded by the majority of the court that a simple denial of such record in the answer would not authorize such proof. I am unable to hold that the answer should be more liberally construed by reason of the fact that there were some unnecessary allegations in the complaint. To enable a defendant to attack a judgment of a court of competent jurisdiction by proof of the falsity of the recitals therein, there should be the clearest specifications of the grounds relied upon as the foundation for such attack. The record having been shown, it *prima facie* established the liability of the defendant, and his right to defeat the same should be founded upon direct affirmative allegations in his answer as to the facts relied upon to relieve from such liability. That such is the fact was shown by the course of the trial in the case at bar, as the plaintiff was allowed to introduce the record of its judgment without objection on the part of the defendant, without having first proved the facts necessary to establish the jurisdiction of the court in which it was rendered. This could only have been done upon the theory that the allegations in the complaint as to jurisdiction were immaterial. If they were material it was

a necessary part of plaintiff's case to prove them, as they were denied in the answer, and if no proof in reference thereto had been introduced on the part of the plaintiff, the court should have instructed the jury to find a verdict for the defendant. This the court did not do, nor was there any motion looking to such action made by the defendant. It follows that the trial proceeded upon the theory that the plaintiff had established its case when it introduced the record, and that it would be entitled to judgment unless such case was overcome by affirmative proof on the part of the defendant. But affirmative proof going to questions not required to be put in evidence by plaintiff as a part of its case could only be introduced under affirmative allegations contained in the answer. The defendant having without objection allowed a *prima facie* case to be established by the plaintiff without entering into the question of jurisdiction of the court in which the original judgment was rendered, could not overcome it under the general denials of his answer excepting by proof tending to contradict the evidence put in by plaintiff as a part of its case, and as no proof in reference to jurisdiction had been so put in, none upon that subject should have been allowed by the defendant. In my opinion the judgment should be reversed.