[No. 11816.   Department Two.   July 27, 1914.]

## KLINE BROTHERS & COMPANY, *Respondent*, v. NORTH COAST FIRE INSURANCE COMPANY, *Appellant*.[1]

EVIDENCE—PRESUMPTIONS—JUDGMENT.   It is presumed, in the absence of evidence to the contrary, that the judgment of a court of general jurisdiction is regular, and its recitals are *prima facie* evidence of the facts therein stated.

INSURANCE—POLICY—PLACE OF EXECUTION AND DELIVERY.   A contract of insurance was made, executed, and delivered in the state of New York, where an insurance company of this state furnished blank contracts to its agent in New York authorized to issue .the contract and countersign and make it valid, and to collect the premium and deliver the policy, all of which it did in the state of New York.

CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—RIGHT TO MAINTAIN.   Under N. Y. Civ. Code of Procedure, § 1780, providing that a foreign corporation may maintain an action against another for breach of a contract made within the state of New York, the courts of that state have jurisdiction of an action between foreign corporations upon a policy of insurance issued, executed and delivered in the state of New York.

JUDGMENT—ACTIONS—BURDEN OF PROOF.   Where a judgment of a court of general jurisdiction in a foreign state recited an appearance on behalf of the defendant, it is necessary for the defendant to show that the attorney making the appearance did so without authority.

JUDGMENT — FOREIGN JUDGMENT — ACQUIESCENCE — ATTORNEY AND CLIENT—APPEARANCE—AUTHORITY.   Where, in an action against a foreign corporation, the service on its agent was good, and the defendant had notice of the pendency of the action, and that a certain attorney was appearing for it, but did nothing to renounce the appearance or to prevent a threatened default which the attorney suffered because of nonpayment of his fees, the appearance was authorized by acquiescence, and the default judgment was valid.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered September 13, 1913, upon findings in favor of the plaintiff, in an action upon a foreign judgment, tried to the court.   Affirmed.

*McBurney & O'Connor*, for appellant.

*J. H. Ballinger* and *H. C. Force*, for respondent.

[1]Reported in 142 Pac. 7.

Mount, J.—This action was brought by the plaintiff to recover upon a judgment entered by the supreme court of the state of New York. Upon trial of the case in the court below a judgment resulted in favor of the plaintiff. The defendant has appealed.

The facts are as follows: The plaintiff is a corporation organized under the laws of the state of Florida. The defendant is a corporation organized under the laws of this state, and is engaged in the general fire insurance business. In the year 1908, it was engaged in writing what is known as "affidavit" or "surplus line insurance" in Eastern states. It had authorized the Eastern General Agency, Incorporated, a corporation in the city and state of New York, to solicit and write insurance for the defendant corporation. The defendant was not required by the laws of the state of New York to be admitted or licensed to do business in that state in order to write this line of insurance. This affidavit or surplus line insurance was described by one of the witnesses as follows:

"Affidavit insurance is insurance on a risk where the admitted companies have their limit, and if the assured desires more insurance he must file an affidavit with the insurance department of the state of New York requesting additional insurance in non-admitted companies, and that insurance must be procured through an agent who is licensed in the state of New York to do that business."

No question is made that the Eastern General Agency, Inc., was authorized to write this line of business in New York. It is conceded that the Eastern General Agency, Inc., was authorized by the defendant to issue its policies in New York and deliver them there to the insured. It was the practice of the defendant to furnish to this agency blank insurance policies with printed authentications by the officers of the company; and the Eastern General Agency, Inc., when an application was made for a policy, would write the policy, countersign the same, collect the premium, and deliver the policy to the assured.

On the 28th day of August, 1908, Kline Bros. & Company, the plaintiffs in this action, applied to the Eastern General Agency, Inc., through its broker, for $1,000 surplus line insurance on a certain stock of tobacco located in the state of Florida. The policy was issued, the premium was paid, and the policy was delivered to the plaintiff, or to its agent. Afterwards, and while the policy was in force, the property was destroyed by fire. Proofs of loss were made to the company, and subsequently an action was brought upon the policy against the defendant in the supreme court of the state of New York. Service was made upon the president of the Eastern General Agency, Inc., in the state of New York. No return of this service, however, was made. The president of the Eastern General Agency, Inc., requested one Raphael, an attorney at law, to appear in said action. Mr. Raphael entered his appearance in the case and filed a demurrer to the complaint, which demurrer was sustained. Subsequently an amended complaint was filed. Thereupon an answer was filed by Mr. Raphael. Subsequently, on June 2, 1910, Mr. Raphael sent a bill for a portion of his fees and expenses to the defendant at Seattle, the home office of the defendant company. The defendant received this statement, but made no reply thereto. Afterwards, on March 4, 1911, Mr. Raphael again sent a letter to the defendant stating that it had neglected to pay his bill for retainer and expenses, and insisted that, unless they responded to his communication, he would take no further steps in their behalf, but would suffer a default to go against the defendant. The defendant made no further appearance in the action; and when the case came on for trial, a judgment for the amount prayed for was entered by the supreme court of the state of New York against the defendant. The judgment recited an appearance on behalf of the defendant. Afterwards this action was brought in this state upon the judgment.

It is contended by the appellant, first, that the court erred in holding that the New York court had jurisdiction of the

case in which the judgment was obtained; second, that the trial court erred in holding that the appellant had appeared in the action in the state of New York; and third, that the trial court erred in holding that the judgment secured in the state of New York was a valid judgment against the appellant. We shall notice these positions in the order named.

It is apparently conceded upon the record that the supreme court of New York is a court of general jurisdiction. The burden, therefore, of proving that that court had no jurisdiction of the action was upon the appellant, because the presumption is, in the absence of evidence to the contrary, that the judgment of a court of general jurisdiction is regular, and the recitals in such a judgment are *prima facie* evidence of the facts therein stated. *Ritchie v. Carpenter*, 2 Wash. 512, 28 Pac. 380, 26 Am. St. 877; *Aultman, Miller & Co. v. Mills*, 9 Wash. 68, 36 Pac. 1046; *Willey v. Nichols*, 18 Wash. 528, 52 Pac. 237.

It is argued by the appellant that, under the conceded facts, the supreme court of New York was without jurisdiction by reason of the fact that the contract was not a New York contract. Section 1780 of the New York Code of Civil Procedure provides as follows:

". . . An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only:

"1. Where the action is brought to recover damages for the breach of a contract made within the state . . ."

It is argued by the appellant that this contract was either a contract made in the state of Washington, or in the state of Florida, because apparently the contract was to be performed in the state of Florida upon property located in that state. But we think this does not necessarily follow. It is conceded by the appellant that an action upon an insurance policy is transitory in its nature. It is true that the goods upon which the policy was issued to the insured were located in the state of Florida. It does not necessarily follow that the

contract was to be performed there.   At any rate, the statute
of New York above quoted gives the courts of that state juris-
diction in cases where there is a breach of a contract made
within the state.   We are satisfied from the conceded facts in
this case that this was clearly a contract made within the state
of New York.   As stated above, the agent of the appellant in
the state of New York was authorized to issue the contract.
That agent was furnished by the appellant with blank con-
tracts to be issued, either upon property in the state of New
York, or in any other state.   This agent in New York was
authorized to countersign the policy and make it valid.   This
was done.   This agent in New York was authorized to collect
the premium and to deliver the policy to the assured.   This
was done.   In short, it is too plain for argument that the con-
tract of insurance was made, executed, and delivered in the
state of New York.   Clearly, therefore, under the New York
statute, the courts of general jurisdiction of that state had
jurisdiction over the subject-matter of the action.   *Armour
v. Sound Shore Front Imp. Co.*, 71 Misc. 253, 128 N. Y.
Supp. 331.

It is next argued that the court erred in holding that the
appellant appeared in the action in the state of New York.
It is conceded that Mr. Raphael appeared in the case on be-
half of the appellant.   The evidence is not clear that the
Eastern General Agency, Inc., had authority to employ an
attorney in the case.   But, under the rule above stated, to the
effect that recitals in the judgment must be overcome by the
party attacking the judgment, it follows that it was neces-
sary for the appellant to show that Mr. Raphael was not
authorized to appear in that case.   We think this rule has
not been met in this case.   It is true, the president of the
Eastern General Agency, Inc., testified that he had no recol-
lection of employing Mr. Raphael in that particular case.
Yet he testified that he authorized him to appear in a number
of cases arising out of this particular risk.   But whether the
president of that company employed Mr. Raphael or not, we

are satisfied the service was good upon the president of the New York company, and the appellant had notice of the fact of service and the pendency of the action long prior to the time the judgment was entered. The judgment was entered on April 24, 1911. On June 2, 1910, the appellant was notified that Mr. Raphael was appearing in the action in its behalf. And on March 4, 1911, the appellant was again notified of that fact, and that unless it paid the fees of Mr. Raphael he would suffer a default against the appellant in the New York case. So it is plain that, whether the New York agency was authorized to employ Mr. Raphael or not, the appellant had notice of the fact that Mr. Raphael was appearing in the case. They had notice of the fact that the case was pending in New York, and after being informed of these facts, they did nothing to renounce the appearance, but in their silence acquiesced therein. The appellant cannot now be heard to say that the appearance was unauthorized. We are satisfied that, under all the facts in the case, the appearance was authorized both by the Eastern General Agency, Inc., by direct request, and by the appellant by acquiescence.

From what we have said on the first two points, it follows that the judgment entered in the state of New York was a valid and subsisting judgment.

The judgment appealed from is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.