## WELLS *vs.* PORTER & CRONKHITE.

The owner of property in the possession of a *tenant* of demised premises, may buy it in on a sale of the same as a distress for rent, and bring his action for *money paid* against the tenant.

And such action was *held* to lie against a joint tenant of the premises, although he had no interest in the contract under which his co-tenant became possessed of the property sold, the *joint liability* being adjudged to rest upon the fact that their joint property was benefitted by the payment of the rent.

THIS was an action of *assumpsit*, tried at the Warren circuit in June, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

NEW-YORK,
May, 1831.

Wells
v.
Porter.

The declaration contained the money counts only. The action was to recover back $100 paid by the plaintiff, to redeem a number of hogs belonging to him, kept by Cronkhite, one of the defendants, at a distillery, for the purpose of being fatted. The hogs were taken and sold as a distress for the rent of the premises occupied by the defendants, and bought in by the plaintiff. The defendants became the *assignees* of the demised premises, on the 19th July, 1824, but did not enter into the actual possession thereof until May, 1825. The annual rent reserved on the lease was $40 per annum. In June, 1825, the property of the plaintiff was taken on a distress warrant, issued by a *general agent* of the landlord to a *bailiff* to collect $200, arrears of rent due on the 1st February, 1825. The agent had no *written* power of attorney or appointment, and no express authority to appoint a sub-agent or bailiff; the avails of the sale were paid to, and received by the landlord. It appeared that part of the consideration of the assignment of the demised premises to the defendants was the payment of a debt, owing by a former assignee to a third person, who held the lease by way of security. The defendants insisted that the money paid by the plaintiff was not paid for the *benefit* of the defendants, they not being personally responsible for the rent accrued previous to their entry into possession; that the payment was made without their consent or request, and that the plaintiff, if entitled to recover at all, should have brought a special action on the case. A verdict was rendered for the plaintiff subject to the opinion of this court.

*D. Russell*, for plaintiff.

*W. Hay*, for defendants.

*By the Court*, SAVAGE, Ch. J. I see no objection to the plaintiff's recovery. It is true, the assignees were not personally bound to pay any rent before the assignment, but their property was bound; the rent was a lien, an incumbrance upon the property, and constituted a part of the consideration of their purchase from a previous assignee. The money was

therefore paid for the use of the defendants. They were tenants in common of the property, chargeable with the payment of the rent, if they were not partners. It does not appear that *Porter* was concerned in the distillery, nor that he was interested in the contract to keep the plaintiff's hogs; but the joint liability rests on the fact, that the property in which they were equally interested, and it appears to me jointly interested, was liable for the rent, which is sufficient to render them jointly liable in this action. Their property was not severed; there was no apportionment of the rent; their joint property was liable for it, and was benefitted by the payment.

There was no irregularity in the distress. The person issuing the warrant was the general agent of the landlord, and had power, in the name of his principal, to appoint a bailiff. If there were any doubt on that point, the authority of both the agent and bailiff was confirmed by the acts of the landlord.

The plaintiff is entitled to Judgment.