KENT, October Term, 1843. This was an action of ejectment for certain lands in Kent county.
The plaintiff showed title, as heir at law of Susan Wallace, his half sister, to one third of the land late of Train Caldwell, deceased.
The defence rested on the plaintiff's own deed to defendant, for all his interest in the land, dated August 17th, 1837; and duly acknowledged and recorded. The defendant went into possession under this deed, and improved the premises.
It now appeared, that William Wallace was not of age at the date of that deed, nor until the December following. He was acting and doing for himself previously, and at the time of conveying, declared himself to be of full age. This suit was brought more than four years after.
Smithers, to the jury. — Plaintiff's lessor is entitled to one third of the lands of which Train Caldwell died seized; that is, to all the share of Susan Wallace, his half-sister. The defence is the deed of Wm. Wallace to defendant, made on the 17th of August, 1837. When that deed was made Wm. Wallace was an infant under the age of twenty-one years. He has avoided it by bringing this suit. *Page 76 
 Frame. — Do you mean to contend that the deed is void, or voidable only?
Smithers. — However much this question has been mooted heretofore, we consider it settled now; and shall only contend that the deed is voidable.
Wm. Wallace is proved to have been born December 25th, 1816. The deed was made, August 17th, 1837. He came of age, December 24th, 1837. The deed was therefore made by an infant, and it is competent for him to avoid it at any time after attaining majority, until he confirms it by some decisive act. It matters not that he was within a few months of full age, he was no more competent in law to make a deed than an infant of five years old. The deed of an infant is voidable
without reference to the circumstances under which he made it. He is the sole judge whether it is for his interest to avoid it.
The question then will be whether this deed may be avoided by this action. 1. This deed may be avoided although the infant when he made it, fraudulently held himself out as of full age. The rules on this subject, all proceed on the idea of protection to the infant. (3 Com. Dig. 549, Enfant c. 3; 3 Jac. LawDict. 432; 2 Kent Com. 240; 1 Johns. Ca. 127; 3Burr. Rep. 1799, Zouch vs. Parsons; 11Serg. Rawle 310; 2 Peters' Dig. 452.)
2. When must an infant avoid a voidable deed? We shall contend, that he may avoid such deed by action at any time within the period of legal limitation, viz. twenty years. An infant is not bound at common law, to avoid a fine within twenty years, much less a feoffment or deed operating under the statute of uses. (3 Thom. Coke 6 143; 1 Plowd. 357, 360. 3 Com. Dig. 553, Infant B. 4; 4 Ibid 346; 3 Bac. Ab. 127, Infancy G; 3 Jac. Law Dict. 51.) For if a fine, which is matter of record, may be avoided by an infant at any time after his majority, much more may a feoffment, or deed of bargain and sale, which as matters in pais are of less dignity, be avoided at any time. An infant may avoid matters in pais at any time, as a deed of bargain and sale. (1 Thom. Coke 142; 3Ibid 26; 3 Com. Dig. 556; 3 Bac. Ab. I. 2, 135; 3 Burr. Rep. 1805-8.) At the common law then we have shown, that infants were not bound to any time to avoid either fines of record, or feoffments, or any acts in pais. The statute of 31 Jac.
1, limits them to five years after disability removed to avoid a fine; and there is still no limit to the avoidance of acts in pais. Our own act of limitations gives an infant three years after full age. (Dig. 397.) *Page 77 
3. The only act which we have done in disaffirmance of this deed is the bringing of this suit; and we shall contend that this is sufficient. (8 Taunt, Rep. 35; 2 Saund. Pl. Ev. 100; 17 Maine Rep. 38; 2 Kent. Com. 237, n.; 11Johns. Rep. 538; 14 Ibid 123; 2 Pet. Dig.Infant, Infancy, 452.) The mode of avoiding a deed, was originally by writ of dum fuit infra ætatem, or writ of assize; both of which remedies have been superseded by the action of ejectment. (2 Thom. Coke 385.) The bringing the action of ejectment is of itself an avoidance of the deed. (3 Burr. 1797.) If the bringing an action of ejectment, be not an avoidance of the deed, what would avoid it? The bringing a second action could not be of more avail than the first, and if it could, the law which abhors a multiplicity of actions would give to the first action the effect of both avoiding the deed and recovering possession. The mere omission to bring suit will not validate a deed made by an infant. There must be some act of confirmation. (3 Maule Selw. 482.)
4. The right of a person to avoid a deed made during infancy, does not depend on the question whether it was for his benefit. He is the exclusive judge of this matter. (3 Bac. Abr. 136-7; 2Saund. Pl. Ev. 97.) The case from 2 T. Rep. 77, is against us, but is not law. It was slightly argued, an obiter dictum, and is not supported by the authorities referred to.
Frame, for the defendant. — It is the case of a person of age within four months and eight days, selling his land for its full value; declaring himself to be of full age at the time; executing and acknowledging a deed in all the formalities of the law; now, four years after he came of age, bringing an action of ejectment for the same land, greatly improved, and on the mere ground that he was under age when he sold; without any offer of returning the purchase money which he has in his pocket.
The consequences of a recovery would be, 1st. To make Robert Lewis lose land that he paid full value for. 2d. To lose all his improvements. 3d. To make him liable for rents and profits. 4. To lose the purchase money, which he cannot recover back, because his suit would be barred by limitation.
Here was a deed which bound Robert Lewis; which was a valid subsisting deed of William Wallace, at least until he should avoid it. What length of time shall he be allowed to avoid it in? He laid by here for four years after he came of age; saw Lewis improving the land, and never intimated in all that time that he was under age when the deed was executed. *Page 78 
1st. In an action brought under such circumstances as these, the plaintiff cannot recover, because the deed being only voidable
(as was admitted) some act must be done to avoid it before action brought. The admission that the deed was only voidable, was so sparingly made, that I cite to strengthen the position, 3 Burr. Rep. 1794,Zouch vs. Parsons; 17 Wendell Rep. 119; 2Kent. Com. 236, n. a.
2. The deed binds the adult absolutely until it is avoided; it is a subsisting deed as to the infant, subject to his election to avoid or confirm it. He cannot before disaffirmance plead non est factum. (2 Strange 939; Chitty Con. 37; 2 Kent. Com. 236.) On these premises I contend that the infant cannot bring suit, treating such deed as a nullity, without some act on his part to avoid and annul it. The action of ejectment is an action sounding in tort; it treats the defendant as a trespasser, a wrong-doer, which he is not, whilst the deed stands as a subsisting deed. And there is no case of an ejectment brought and maintained under such circumstances, without some act of disaffirmance of the deed, even by notice to the party.
Robert Lewis cannot thus be turned into a trespasser. His possession is not wrongful. He holds under a deed, valid and binding as to him; subsisting as to Wallace until he vacated it; and he cannot be treated as a trespasser. As well might a landlord bring ejectment against his tenant without any notice. The action of ejectment is a peculiar action; and lies not except against a person whose possession is wrongful. He must be, or he must by notice be made to be, a trespasser, before the action of ejectment can be brought against him. (Adams Eject. 329.) Now it may be that a writ of right, or a writ dum fuit infra ætatem, or an assize, may sufficiently avoid a voidable deed, and at the same time recover the premises as if the deed were a nullity; but the action of ejectment has other features than a mere trial of title, the plaintiff's lessor must have the right of entry and the right of possession, and it treats the defendant as a wrong-doer. Such an action will not lie without a previous act of the infant disaffirming the deed,a (7 Wend. Rep. 119,Bool vs. Mix 136.)
A fine levied by an infant to which he is a party, (the cases cited on the other side being cases in which the infant was a mere privy) must be avoided by record, as by audita querela, and during infancy. *Page 79 
A feoffment must be avoided by entry: a deed of bargain and sale, by express disaffirmance, as by the execution of another deed. The deed of an infant, of bargain and sale, has the same force as a feoffment with livery. (7 Wend. Rep. 119; Dig. Del. L. 93.) In case of mere tenancy at will, which has now dwindled down to an express agreement to hold at the will of the other party, the lessor can maintain no action for the possession until by notice he has terminated the tenancy.
So in all cases where the party comes into possession rightfully, he cannot be turned into a trespasser without notice. (Adams on Eject.
117, 191, 103-4; 13 East. Rep. 310.)
2d. The right of an infant after full age to disaffirm the deed at his election, must be exercised in some reasonable time, and does not run through the whole period of legal limitation, as applicable to the form of action. This reasonable time must be taken in referance to the rights of others, and the election must be made so as not to prejudice others further than is necessary to the enjoyment of the right. If the grantor lie by a considerable time and see improvements made, he shall be judged in law to have waived his election, and confirmed his deed. (1 Harr. Rep. 233, Randel vs. Canal Co.)
Any right may be waived; and any act legally inconsistent with the exercise of the right, will amount to a waiver. Where a party is bound to do or not to do an act, in which the rights of a third person are concerned, he is bound to do it within a reasonable time. The privilege of an infant to disaffirm his voidable contracts, is for his protection and benefit; it is a shield and not a sword, nor to be used for the destruction of others. (3 Burr. Rep. 1794; 1 Fonb. Eq.
76. n. a.; Chitty Con. 35; 8 Taunt. Rep. 35; 9Vermt. Rep. 368, 371; 3 Vermt. Rep. 353; 6 Conn.Rep. 494.) The contract of an infant valid in itself, will bind him; unless he by some act disaffirm it when he comes of age. (9 Vermt. Rep. 368-71; 3 Vermt. Rep. 353; 6Conn. Rep. 494.) One year is too long for the exercise of the right of election by an infant. (2 Term Rep. 436.)
Huffington, in reply. — 1. Was the plaintiff bound to do any act in pais, or otherwise, disaffirming this deed before he brought his action of ejectment to recover the premises? it being proved that the only title under which the defendant claims, arises under a deed executed by the plaintiff when he was an infant. But one case has been cited in support of this position, and it is against the current of authorities. The act of bringing suit to recover the possession of the premises is the most conclusive act of avoidance of the deed. An actual entry *Page 80 
is never necessary but to avoid a fine. (1 Saund. Pl. Ev.
554; 2 Jac. Law Dic. 387.) The deed being disaffirmed and rendered wholly inoperative by the suit brought, it cannot avail as a defence against the suit.
2. As to the point of waiver. The case of Randel was between persons fully competent to contract or to avoid a contract, or waive the right of election; it was not a case of infants. Mere inaction could not deprive the party of his right to disaffirm at any time short of the ten years allowed by the act of limitation. It requires some positive act of the infant after his full age, to confirm the deed or waive his right of annulling it.
a The writ dum fuit infra ætatem, seeks to avoid the deed by alledging infancy, but it seeks not to recover the possession. (7 Wend. Rep. 119.)
1st. That the deed of an infant under twenty-one years is voidable by him on his arriving at full age, and when so avoided is of no effect. There are some acts of an infant which are absolutely void, and therefore of no effect at any time; others that are voidable, such as this deed, and these have effect until avoided.
This deed being operative at and after its execution, the defendant went into possession of the premises under it rightfully, and the plaintiff is not at liberty to treat him as a trespasser, or as one in by wrong, until by avoiding the deed he places him in this position. The action of ejectment necessarily supposes the defendant to be a trespasser, and we are of opinion that it cannot be maintained in a case like the present without a previous act on the part of the plaintiff's lessor, avoiding the deed made by him while an infant, and under which the defendant is in possession.
2. This privilege of an infant of avoiding his contracts is a protection and shield to him, and it ought to be preserved to him in its full extent so far as needed for such protection; but there is no necessity, and no justice, in extending it so far as to make it an engine of oppression and wrong to others. It ought to be used with some regard to the rights of others, and therefore the infant should exercise it within a reasonable time after full age, having regard to the circumstances of each particular case, as of the means of being fully informed of his rights, and the opportunity of availing himself of them by disaffirming contracts made in infancy. To hold that this power necessarily continues through the period of legal limitation of the action, would be to make it a dangerous weapon of offence instead of a defence. We would not attempt to lay down any general rule as to reasonable time, but we are of opinion that in the case of a deed executed by an infant who remains within the State for four years *Page 81 
and upwards after majority, and sees the property conveyed by his deed extensively improved, it would be unreasonable to permit him, after such time, to avoid his deed made during minority.
 Verdict for defendant.