DANIEL FRANCISCO, plaintiff in error, *v.* LEVI WRIGHT, defendant in error.

*Error to Shelby.*

A. purchased of B. a tract of land which had been mortgaged to C. who foreclosed the same, but A. was not a party to the bill of foreclosure. A. paid the incumbrance, B. having previously agreed to pay the mortgage, and sued B. in *assumpsit*, declaring upon the common money counts. It was not pretended that B. ever requested A. to pay the amount of the decree in the bill of foreclosure, or that he promised to re-imburse him for that payment: *Held*, that the action could not be maintained, there being no promise, express or implied, to pay the amount to A.

One cannot make another his debtor without his consent.

ASSUMPSIT in the Shelby Circuit Court, brought by the plaintiff in error against the defendant in error. The cause was heard before the Hon. Gustavus P. Koerner and a jury, at the August term 1845, when a verdict and judgment was rendered in favor of the defendant.

The material facts appear in the Opinion of the Court.

*J. A. McDougall,* and *J. Gillespie,* for the plaintiff in error.

In this case, the promise of Wright was not a part of the contract for sale of the land, but an independant one upon a consideration executed. *Claherty Ex'r* v. *Creek,* 3 Harr. & Johns. 428; *Miller* v. *Watson,* 4 Wend. 267.

The covenant in the deed from Wright to Francisco being simply a covenant of warranty, the existence of an incumbrance upon the land could not be alleged as a breach of said covenant. *Waldron* v. *McCarty*, 3 Johns. 471.

The implied covenant arising from the words, "grant, bargain and sell," does not govern in the case, it being restricted by the express covenant of warranty in the deed. *Kent* v. *Welch*, 7 Johns. 259; *Vanderkan* v. *Vanderkan*, 11 do. 122; 4 Kent's Com. 469; *Cranch* v. *Fowler*, 9 New Hamp. 221.

*W. H. Underwood*, for the defendant in error.

1. Admitting, as contended by plaintiff in error, that the deed, from Wright and wife to Francisco is a mere quit claim deed without any covenant that the land conveyed was free from incumbrances done and suffered by Wright, the grantor, and without covenant of warranty, the parol contract previous to the date of said deed and contemporaneous thereto was merged in said deed, and could not be proved. 1 Greenl. Ev. 320, 321; *Frost* v. *Everett*, 5 Cowen, 497; *Pickering* v. *Dawson*, 4 Taun. 779; *Powell* v. *Edmunds*, 12 East, 6; *Lane* v. *Sharpe*, 3 Scam. 573. And if made afterwards, it was without consideration and void. *Comstock* v. *Smith*, 7 Johns. 87; *Miller* v. *Watson*, 5 Cowen, 196.

2. The bill of exceptions does not show, that the alleged contract to pay the mortgage was made with Francisco. This is a fatal defect. 1 Chit. Pl. 331. A bill of exceptions will be construed like a pleading of the party making the same, most strongly against him. 3 Scam. 6; 4 do. 34.

3. The proposed testimony precludes the idea that Francisco was ever requested by Wright to pay the mortgage; if he paid it without compulsion or request, it was voluntary and Wright is not liable to repay the same. *Dedman* v. *Williams*, 1 Scam. 155; 1 Chitty's Pl. 384; 1 Saunders, 264, note 1.

4. But Francisco had a perfect remedy against Wright on the covenants in the deed, if he has satisfied the mortgage. 20 Pick. 474. The words "grant, bargain and sell," are equivalent to an express covenant, that the land was free

from all incumbrances done or suffered by Wright, the grantor, unless limited by express words contained in the deed. R. L. 510; 2 Binn. 95; *Clearwater* v. *Rose*, 1 Blackf. 137, note *g;* 4 Kent's Com. 473. There are no words in said deed limiting the effect of said express covenant against incumbrances; on the contrary, there is added a covenant of warranty.

5. Had Francisco been evicted by a purchaser under the Commissioner's sale, he would have had a perfect remedy on the covenant of warranty. 4 Kent's Com. 471; *Tufts* v. *Adams*, 8 Pick. 547; *Van Gorden* v. *Jackson*, 5 Johns. 471; *Miller v. Watson*, 4 Wend. 270.

6. To authorize a recovery in *assumpsit* in a case like this there must be a new consideration. *Miller* v. *Watson*, 4 Wend. 270; and then the common counts will not authorize a recovery. Ib. 275.

7. Any promise simply to perform the covenant in a deed is not the ground of an action.

*McDougall*, in conclusion, cited *Wells* v. *Porter*, 7 Wend. 119; *Inhabitants of Shrewsbury* v. *Inhabitants of Boylston*, 1 Pick. 105; 1 U. S. Dig. 282, § 332, referring to 17 Serg. and Rawle.

The Opinion of the Court was delivered by

CATON, J.* This was an action of *assumpsit* to recover the amount of money paid by the plaintiff to the State Bank, in satisfaction of a decree foreclosing a mortgage executed by Wright and wife to the Bank, to secure a note which the Bank held against Wright. After the execution of the mortgage, Wright sold the land incumbered by the mortgage to Francisco, and conveyed to him by a common warranty deed. The Bank foreclosed the mortgage in chancery, to which proceeding Francisco was not a party. After the decree and before the sale, Francisco paid the amount of the decree. After the execution of the deed, Wright promised to pay off the mortgage. The declaration contains the

---

* WILSON, C. J., and Justices LOCKWOOD and YOUNG did not sit in this case.

common counts for money paid, &c. On the trial, the plaintiff offered in evidence his deed and the record of the suit foreclosing the mortgage. He also offered to prove that he had paid the amount of the decree, and that the defendant, subsequent to the execution of the deed, had agreed to satisfy the mortgage, and acknowledged that he had so agreed at the time the deed was given, and had since paid the interest thereon for one or two years. This evidence was excluded by the Court, to which decision the plaintiff excepted. There was no pretence that the defendant ever requested the plaintiff to pay the amount of that decree, or promised to reimburse him for that payment.

We shall waive the inquiry as to the extent of the obligations of the defendant under the covenants in the deed which he gave to the plaintiff, for I confess that I do not distinctly see how the construction of that deed is to affect very materially one way or the other, the right of the plaintiff to recover in this action. If the plaintiff recovers at all, he must do so upon some promise, express or implied, which has been made since its execution, for at that time, all previous and present agreements were merged in the deed.

Although the deed may contain a covenant against incumbrances, still, if the plaintiff has since paid off the mortgage which was existing upon the premises, under an agreement with the defendant that he would refund him the money, there is no reason why he may not maintain this action, notwithstanding he might have resorted to his covenant against incumbrances. If the plaintiff has paid money to the use of the defendant, and at his request, express or implied, this action may be sustained, and not otherwise. Did the mere existence of the mortgage, at the time of the purchase, authorize the plaintiff to pay it off, and raise an implied promise on the part of the vendee to reimburse him? After the most anxious consideration, I am unable to discover any principle sustaining such a conclusion. In this case, there is no pretence that the defendant ever requested the plaintiff to pay off that mortgage. And the mere circumstance that the plaintiff's land was liable to be sold to satisfy a mort-

gage, in the payment of which the defendant was interested, could not authorize the plaintiff to make the defendant his debtor without his consent. It may not have been for the interest of the defendant to have had the mortgage paid off at that time, or in that way, especially if he become thereby immediately liable to a personal action for the amount. He may have desired to have paid the debt in the notes of the Bank, which may not then have been worth par; or he may have desired an opportunity of making some other arrangement for the satisfaction of the mortgage, more convenient to him than the immediate payment in money. The plaintiff had no right to usurp the control of the defendant's business, and deprive him of any opportunity to satisfy, compromise or postpone that demand. The chances for such negotiations are frequently important and valuable to the debtor, of which third persons have no right to deprive him. Again, if by the mere payment of this demand, the plaintiff has created a right of action against the defendant for the amount of the judgment which was rendered on the mortgage, then has the plaintiff deprived the defendant of all benefit which he might have derived from a reversal of that judgment, although it may have been erroneous, or of negotiating for further time, or some more convenient mode of payment, which may have been of equal importance to him. It cannot be answered, that if that judgment was erroneous, he may show it in his defence in this suit, for in this collateral action that judgment cannot be impeached. How is the Circuit Court to investigate any errors which it may have committed in another cause? If the plaintiff had a right to pay that debt, on account of the defendant, after judgment, he might as well have done it before, and thus cut off any defence which might have been made to the mortgage. If the vendee wishes the personal responsibility of the vendor to protect himself against any defect of title, or incumbrance, he must see that the necessary provision is made by covenants in his deed. That is the sole object of covenants in a deed. If the principle contended for in this case be sustained, there would be no necessity for covenants

against incumbrances hereafter. In this deed there is an express covenant of general warranty which, upon every legal principle, rebuts the idea of an implied undertaking on the part of the defendant to pay the amount of the mortgage to the plaintiff, in case he should see fit to satisfy it to the mortgagee. If there was any such implied promise, it must necessarily have existed at the very time of the execution of the deed, and, as we have before seen, was merged in it. The presumption is, that all the covenants were put in the deed which the party deemed necessary for his security, or at any rate, all that the vendor would give. Upon the covenant of general warranty, the defendant would have been liable, had the plaintiff ever been turned out by reason of this mortgage, and thus was he secured expressly against any substantial injury which he might have sustained by reason of that incumbrance; at any rate, it was the remedy which the parties by their agreement saw fit to provide, and the plaintiff had no right to provide himself with another remedy against the vendor without his consent. I confess my ignorance of any principle by which the plaintiff had a right by his own voluntary act, and without the consent of the defendant, to create a new liability against him. It may have been for the interest of the vendor to have met the utmost of his responsibility upon that covenant, rather than to have paid off the mortgage, which may have been given for much more than the value of the land, as the price for which it was sold to the plaintiff, in which event it might have been for the manifest interest of the vendor to have paid the most that could have been recovered against him on his covenant, rather than to have paid the amount of the mortgage.

A mortgage may be given by one, and the bonds, note or covenant by another to secure the same debt, or the mortgage may be given alone without any personal security whatever, and in neither case is the mortgage liable, beyond the land incumbered, and it might very likely happen that the mortgage would be for twice the value of the land, and could it be contended, that a subsequent vendor of that land, who

Francisco v. Wright.

had taken no covenant against that incumbrance, could go and pay it off without the consent and against the will of the mortgagor, and then sue him for so much money paid to his use and at his request? The very statement of the proposition demonstrates its absurdity, and yet such would be the case should we hold that this action could be maintained. The liability created by the mortgage is against the land alone, and the payment of it is for the use of the owner of the land. Although the bank may have had the note of the defendant, with this mortgage, yet it is certain that the judgment which the plaintiff paid, and for the amount of which he now seeks to charge the defendant, was not against the defendant, but was against the land alone, and upon which there was no personal responsibility whatever. There was no offer to prove in the Court below that any note was given with the mortgage, nor is there any intimation that such a note was given, except in the statement in the bill of foreclosure. But admitting that a bond had been given by the defendant, upon which a judgment at law had been recovered, it would hardly be contended that the plaintiff could have paid off that judgment without the request of the defendant, and then recovered the amount against him as for money paid to his use; and yet there would be much more propriety in sustaining such a suit than the present. The principle hardly need to be stated, that one cannot make another his debtor without his consent.

But it may be urged that, in this case, the vendor had promised to pay off this incumbrance. Such may be the truth, but that is not the promise declared upon, and it was very properly admitted by the plaintiff's counsel that they could not expect to recover on that promise. The defendant promised that he would pay the mortgage to the bank, and not that he would pay the amount to the plaintiff if he would pay it to the bank. It may be inquired what difference it could make to the defendant, whether he paid the amount to the plaintiff or to the bank? That is what I have before attempted to demonstrate. He had a right to manage his own business in his own way, without having his liability shifted from one to another without his consent.

By the plaintiff's counsel we have been referred to the case of *Arden* v. *Arden*, 10 Johns. 30, in support of this case, but we are unable to perceive its applicability. There a testator had devised a large estate to his sons, and declared that, in consideration of the bequest, they should pay to his widow the yearly sum of fifty dollars. They paid the annuity for the first, and half of the second year, and refused to pay further, and the widow sued. The Court say: "We are led to consider whether the payment of the annuity in part be not equivalent to an *express promise*. It is a solemn act of admission, as strong as any promise, and supposes a promise expressly made, and to have preceded the payment." We have looked into the case of *Wells* v. *Porter*, 7 Wend. 119, and of *Shrewsbury* v. *Boylston*, 1 Pick. 105, and do not think they support the principle contended for by the plaintiff. No such principle seems to have been raised or discussed in those cases.

The evidence offered was properly excluded by the Court below, and its judgment must be affirmed with costs.

*Judgment affirmed.*