PACHE v. OPPENHEIM.

(Supreme Court, Appellate Division, First Department. April 15, 1904.)

1. BURIAL EXPENSES—PAYMENT BY HUSBAND—LIABILITY OF WIFE'S ESTATE.
　　A husband has a right of recovery against the estate of his deceased wife for the reasonable expenses incurred and actually paid in connection with her burial, notwithstanding his common-law obligation to see to the proper interment of the remains of the deceased.

2. SAME—ACTION—JURISDICTION—MUNICIPAL COURT—STATUTE.
　　Under Greater New York Charter, subd. 1, § 1364 (Laws 1897, p. 485, c. 378), granting the Municipal Court jurisdiction of actions to recover damages upon or for breach of contract, express or implied, that court has jurisdiction of an action by a husband against the executor of his deceased wife's estate to recover for the reasonable expenses incurred and paid by him in connection with her burial.

Appeal from Appellate Term.

Action by Charles Pache against Bertha Oppenheim, executrix of the estate of Eliza Pache, deceased. From a judgment of the Appellate Term affirming a judgment sustaining a demurrer to the complaint (84 N. Y. Supp. 926), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 755; Husband and Wife, vol. 26, Cent. Dig. §§ 136, 594.

Omar Powell, for appellant.

Edward W. S. Johnston, for respondent.

PATTERSON, J.   This action was brought in the Municipal Court of the city of New York, and the plaintiff alleged in his complaint that Eliza Pache died at the city and county of New York on the 26th day of February, 1902; that he was her husband; that the defendant is the executrix of the estate of his deceased wife, and duly qualified as such executrix; that his wife died, leaving property sufficient and ample to satisfy and pay all her debts and funeral expenses; and that one Stolzenberger, an undertaker, took charge of the funeral arrangements, and performed certain services in connection therewith, and furnished materials therefor, for which he rendered a bill to the plaintiff, as husband of the deceased, which bill the plaintiff paid, and that the charges therein were the reasonable value of the services rendered and the materials furnished by the undertaker; that the plaintiff presented his claim as one against the estate of his deceased wife, and offered to refer it; and that, being refused by the executrix, this action was brought.

Concerning the liability of the estate of the deceased wife to the husband for the funeral expenses thus paid, we must follow the authorities in this state, which hold that a husband has a right of recovery of the reasonable expenses incurred and actually paid in connection with the burial; the common-law obligation of the husband to provide for the proper sepulture of his wife being a matter which never has been disputed.   The necessity of providing for the proper interment of the remains of the wife before an executor acts or may act indicates at once the duty of the husband, and, indeed, it was a rule of the common law that any one in whose house a person died was under the obligation to see to the proper interment of the remains of the deceased.   Lord Denman in Key v. Stewart, 12 A. & E. 773. But notwithstanding this common-law obligation, it has been held by the courts of this state that, under the law as it exists here, the husband, having paid this reasonable expense, may recover from the wife's estate; and that was distinctly ruled in Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384.   The liability of the estate of the wife for reimbursement to the husband is also recognized in McCue v. Garvey, 14 Hun, 562, where, upon the settlement of the accounts of a husband as administrator of the estate of his deceased wife, he was allowed out of her estate the necessary and proper funeral expenses paid by him. In Freeman v. Coit, 27 Hun, 450, Judge Daniels, referring to Patterson v. Patterson and McCue v. Garvey, says that in this state, where such an expenditure has been made by the husband, and the deceased wife has left a separate estate owned by her, he has been allowed to reimburse himself from such estate; and we held in Patterson v. Buchanan, 40 App. Div. 493, 58 N. Y. Supp. 179, that such an action as this would lie.   It is argued, however, that the decision in that case has been virtually overruled by what is said by the Court of Appeals in O'Brien v. Jackson, 167 N. Y. 31, 60 N. E. 238, but what was there decided has no such effect, and does not apply here.

We agree with the Appellate Term, therefore, that the plaintiff

might recover upon the cause of action asserted in the complaint; but this action was brought in a Municipal Court, and the learned justices of the Appellate Term are of the opinion that it could not be maintained in the Municipal Court, because its jurisdiction is confined to contracts, express or implied; and they considered that the obligation sought to be enforced here did not arise upon either an express or an implied contract, but that there was only a quasi contractual relation, of which the Municipal Court could not take jurisdiction. If an executor is liable for the expenses of the burial of the testatrix, from that obligation the law implies a promise to him who, in the absence or neglect of the executor, directs, not officiously, but from the necessity of the case, a burial, and incurs the reasonable expense thereof. Patterson v. Patterson, supra. In Rappelyea v. Russell, 1 Daly, 217, it is said that it is well settled that an executor, if he have sufficient assets, is liable upon an implied promise to a third person who, as an act of duty or necessity, has provided for the interment of the deceased, if the funeral was conducted in a manner suitable to the testator's rank in life, and the charge is fair and reasonable; citing Tugwell v. Hayman, 3 Camp. 298; Rogers v. Price, 3 Young & J. 28; Corner v. Shew, 3 Mee. & Wells, 350; Brice v. Wilson, 8 A. & E. 348, note; Hapgood v. Houghton, 10 Pick. 154.

The learned Appellate Term regarded the Municipal Court as being without jurisdiction to entertain this action, because the obligation existing upon the part of the estate was one which did not rest either in express or implied contract, but was one that arises from an imposed legal obligation which had the status of a quasi contract; and they considered that a quasi contract was not an implied contract, within the meaning of the Municipal Court act. The provision of law respecting the jurisdiction of the Municipal Court, so far as it relates to the present action, is as follows: Except as otherwise provided, that court has jurisdiction of (subdivision 1; § 1364, Greater New York Charter; Laws 1897, p. 485, c. 378) "an action to recover damages upon or for breach of contract, express or implied, other than a promise to marry, where the sum claimed does not exceed five hundred dollars." Of course, it is understood that the jurisdiction of local and inferior courts is not to be extended or amplified by construction, but is to be confined within the limits of that which is conferred. But in the case of the Municipal Court in the city of New York, the jurisdiction conferred is not simply of actions to recover damages for the breach of contract, express or implied, other than a promise to marry, but it extends to an action brought to recover damages upon contract, express or implied. The phraseology of this subdivision 1 of section 1364 of the Greater New York charter indicates the purpose of the Legislature, in the establishment of the Municipal Court, to define what jurisdiction it shall have in actions upon contract; and it is well understood that, for the purposes of remedial justice, actions based upon obligations not resting in consent actually given or implied from facts, but upon what are called quasi or constructive contracts, are put in the same category as actions upon contract, express or implied, in which the element of consent actually exists, or is to be inferred, as matter of fact, from the circumstances out of which the obligation arose.

In Wickham v. Weil, 17 N. Y. Supp. 518, the General Term of the Court of Common Pleas, speaking through Judge Pryor, sums up the situation in a few words, as follows:

"Three classes of obligations are known in law as contracts, and are especially so distinguished for the purposes of remedial justice, namely, express contracts, implied contracts, and constructive contracts. Express contracts are those the terms of which are averred and uttered by the parties. Broom, Com. Law, 250. Implied contracts are such as reason and justice dictate, and which the law therefore presumes that every man undertakes to perform. 2 Bl. Comm. 443. Constructive contracts arise when the law prescribes the rights and liabilities of persons who have not in reality entered into any contract at all, but between whom circumstances make it just that one should have a right, and the other be subject to a liability, similar to the rights and liabilities in cases of express contract."

These constructive contracts are quasi contracts.

Now, an action upon contract may be maintained on quasi contracts. As, for instance, actions for money had and received (Merchants' Bank v. Rawls, 50 Am. Dec. 394), money paid by one person, who has been compelled to pay it, and which another should have paid (Wells v. Porter, 7 Wend. 119), and cases in which an obligation to pay money is imposed by statute (Pacific Mail Steamship Co. v. Joliffe, 2 Wall. 450, 17 L. Ed. 805), and not connected simply with the imposition of a penalty. It has been held that an action for money had and received may be maintained in the Municipal Court. Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043.

Whether the obligation arising from a quasi contract is one imposed by statute, or arising from some general principle of law, is immaterial. Assuming that the whole relation is one quasi contractual, and that no contract, as matter of fact, exists at all, yet, for the purpose of a remedy, the quasi contract is considered as if it were an actual contract; and when an action within the limitation of $500 is brought in a Municipal Court on such an obligation, it is an action for damages upon contract, and the jurisdiction attaches.

The determination should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to withdraw demurrer and to answer in the Municipal Court, in accordance with the rules and practice of that court, upon payment of costs in all the courts. All concur.