SIEGEL et al. v. ARKEN.

(Supreme Court, Appellate Term.  June 10, 1907.)

TROVER AND CONVERSION—ACTS CONSTITUTING DURESS OF PROPERTY—EVIDENCE.
    In an action for duress of goods left with a tailor to be made into coats, the general statement by the plaintiffs that "we had to have the goods immediately," or that "we did not replevin the goods, as it would cost too much money," was insufficient to show duress, where there was no evidence showing that the coats were made for any special purpose, or to supply any immediate demand, nor that it was specially necessary that the plaintiffs should have the immediate possession for any reason at the time they demanded them, nor that their retention would have inured to plaintiff's damage, and no evidence as to when the defendant was to complete the work.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, §§ 232, 236, 239.]
    Goff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by S. Siegel and others against Eubin Arken.  From a judgment for plaintiffs, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Schenkman & Brown, for appellant.
J. B. Sabine, for respondents.

GILDERSLEEVE, P. J.  The plaintiffs in this action sought to recover the agreed price paid by them to the defendant for the manufacture of 83 coats out of material furnished by the plaintiffs, upon the theory that, after the material had been delivered to the defendant, the plaintiff's, being in urgent need of the coats, made a demand upon the defendant for them; that he refused to deliver the same to the plaintiffs, unless he was first paid the full agreed price for the making of the same, although a large number was still unfinished; and that to obtain the goods they were compelled to pay said full agreed price.  Subsequently they were compelled to procure 67 of the coats to be completed by other tailors at a cost of $1.35 per garment.  They recovered a judgment for $90.45, the costs of completing garments, and for $25 paid to the defendant in advance on the work.

The complaint was verified, and set forth a cause of action for duress of property and money paid to obtain its possession.  Without passing upon the question as to whether or not the Municipal Court has jurisdiction of an action for duress of property under the circumstances disclosed by the evidence herein, we are of the opinion that this judgment should be reversed for two reasons:

First, the evidence fails to show duress.  There is no testimony showing that the coats were made for any special purpose or to supply any immediate demand, or that it was specially necessary that the plaintiffs should have the immediate possession of the coats for any reason at the time they made the demand upon the defendant for their re-

turn, and it is not shown that the retention of the coats by the defendant for a longer time would have in any way inured to the damage of the plaintiffs. The general statement by the plaintiffs that "we had to have the goods immediately," or that "we did not replevin the goods, as it would cost too much money," is insufficient to show duress. That there was no pressing need for the coats is shown by the fact that after the plaintiffs received them they placed them in the hands of two other tailors for completion, one of whom took two weeks to finish the number given him.

Second, there is no evidence whatever as to when the defendant was to complete the work. For all that appears, the plaintiffs demanded the return of the goods before the expiration of the agreed time in which the defendant had to do the work, or before a reasonable time had elapsed between the time the material had been furnished him and the time of the demand for its return in a completed state. The evidence given fails to sustain the allegations of the complaint, and the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

FITZGERALD, J., concurs.

GOFF, J. (dissenting). Judgment was given for plaintiffs in an action to recover money paid under protest in order to obtain possession of property forcibly detained by defendant. The questions of fact involved, including those of credibility of witnesses and weight of evidence, were decided adversely to the defendant, and an examination of the record fails to disclose any cause for interference with that decision. Two grounds are relied upon by the appellant for reversal of this judgment. The first is that there was not sufficient proof of duress, and the second is that, even if there was, the Municipal Court had not jurisdiction of an action for duress.

In treating of the first ground, it is apparent that there is in the appellant's mind a confusion of principle, as well as of authority, and this arises from failure to perceive the distinction between duress of the person and duress of goods. This distinction becomes obvious when we recognize the difference between physical duress and moral duress—between the unlawful confinement of the person and the unlawful detention of his property. In the one case a person may be induced to do an act or make a contract under circumstances that deprive him of the exercise of free will, while in the other, because of his necessities, and in order to save himself from loss or damage, when there is no other speedy means left, he may pay money under protest to recover property then in unlawful detention. In his work on Torts Mr. Justice Cooley says:

"Duress of goods consists in * * * withholding from the party entitled to the possession of personal property and extorting something as the condition for its release." Cooley on Torts, 507; Hackley v. Headly, 45 Mich. 569, 8 N. W. 511.

The question of duress of goods was thoroughly discussed in Harmony v. Bingham, 12 N. Y. 99, 62 Am. Dec. 142, in which the early

English and American cases were reviewed, and the principle enunciated was that where a person having in his possession the property of another had exacted more than was due as a condition of its delivery to the owner, and he, in order to obtain possession of the property, paid the amount demanded under protest, it was not a voluntary payment and he could recover it back. This doctrine was followed in Briggs v. Boyd, 56 N. Y. 291, where Judge Grover said, speaking of wrongful withholding of goods unless certain charges were paid, which the owner did under protest:

"This was not a voluntary payment by the plaintiffs, and, if the defendants had no right to the money so paid, the plaintiffs can maintain an action against the defendants therefor. It is money extorted by duress of the goods of the party."

Also to the same effect are Buckley v. Mayor, 30 App. Div. 463, 52 N. Y. Supp. 452; Van Dyke v. Wood, 60 App. Div. 208, 70 N. Y. Supp. 324.

In Maxwell v. Griswold, 51 U. S. 250, 13 L. Ed. 405, it was said that a payment is involuntary if it "is caused on the one part by an illegal demand, and made on the other part reluctantly, and in consequence of that illegality, and without being able to regain possession of his property, except by submitting to the payment."

The theory on which this action was instituted was, not to avoid an act done under duress or for damages thereof, but to recover money involuntarily paid in compliance with the wrongful exaction of the defendant under conditions which in their inception were legal; the defendant having come into possession of the plaintiffs' cloth for manufacturing purposes. When the exigencies of trade required the plaintiffs to have the manufactured articles, the defendant took advantage of the plaintiffs' necessities and demanded a sum of money before surrendering them. And when, under the circumstances, the plaintiffs complied with the demand under protest, the law raised an implied obligation on the defendant's part to pay back that money. It is true that an obligation to pay a specific sum must rest on contractual relation, but that relation may exist by implied contract; for, even though the minds of the parties did not meet and there was no promise to pay, the law supplied a promise in order to support a plain legal duty and enforce a plain legal obligation. Since, therefore, the action was on an implied contract, and not for duress, there is no foundation for the contention on the second ground that the Municipal Court had no jurisdiction. The language of the act is plain that such court has jurisdiction in actions on contract, express or implied. Pache v. Oppenheim, 93 App. Div. 221, 87 N. Y. Supp. 704. It follows that the judgment should be affirmed, with costs to the respondents.

Judgment should be affirmed, with costs.