<hr />

(55 Misc. Rep. 270)

### WILKENFELD v. LYNN.

(Supreme Court, Appellate Term.   June 27, 1907.)

COURTS—MUNICIPAL COURTS—JURISDICTION.

   A Municipal Court has jurisdiction of an action for money paid under duress.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Wilkenfeld against Wauhope Lynn.   From a judgment for defendant, sustaining a demurrer to the complaint, plaintiff appeals.   Reversed, and defendant permitted to plead.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Joseph Winkelfeld, for appellant.

Wauhope Lynn, for respondent.

GILDERSLEEVE, P. J.   Upon the return day of the summons the parties appeared, and the plaintiff, complained orally of the defendant as follows: "Money paid under duress."   The defendant interposed a written demurrer demurring to the complaint upon the ground "that it appears upon the face of the complaint that the court has not jurisdiction of the subject of the action."   This demurrer was sustained, and judgment rendered in favor of the defendant, dismissing the complaint, with costs.

The sufficiency of the complaint is not questioned by the demurrer, but solely the jurisdiction of the court.   That the Municipal Court has jurisdiction in actions involving the question of duress has been settled.   Pache v. Oppenheim, 93 App. Div. 221, 87 N. Y. Supp. 704. Numerous definitions of duress are given.   See 14 Cyc. p. 1123. "Where one having in his possession the property of another, upon which he claims a lien, refuses to deliver the same to the owner with-

out payment of the lien, and thereupon the owner pays the same under protest in order to get possession, it is not a voluntary payment, and, if the claimant has no right to the sum paid, the owner may maintain an action to recover it back, as money extorted by duress of the goods." Briggs v. Boyd, 56 N. Y. 289. And that was the case in Devery v. Winton Motor Carriage Co., 49 Misc. Rep. 626, 97 N. Y. Supp. 392, and this court there held that the Municipal Court had jurisdiction. Such actions are brought upon the theory that the cause of action rests upon what are called quasi contracts, which are contracts "where the law prescribes the rights and liabilities of persons, who have not in reality entered into any contract at all, but between whom circumstances make it just that one should have a right and the other be subject to a liability, similar to the rights and liabilities in cases of express contracts." 2 Bl. Com. 443. "If one has obtained money from another through the medium of oppression, imposition, deceit, extortion, or by the commission of a trespass, such money may be recovered back; for the law implies a promise by the wrongdoer to restore it to the rightful owner, although it is obvious that this is the very opposite of his intention." People v. Speir, 77 N. Y. 150. In an action upon such implied contract the Municipal Court has jurisdiction. Pache v. Oppenheim, supra. An action for money had and received is in its nature an equitable action, and is based upon the theory that the defendant has received money belonging to the plaintiff, which according to justice and equity he ought to refund and pay over, and it has never been contended that a Justice's or a Municipal Court have no jurisdiction in such action.

There is attached to the record a paper entitled "Plaintiff's Memorandum," which seems to have been submitted in the court below upon the argument of the demurrer. From this the facts which are relied upon by plaintiff to sustain his cause of action may be gleaned; but this memorandum is not evidence, and we cannot determine at this time whether or not the plaintiff is entitled to maintain an action, as we are only called upon to decide the question of the jurisdiction of the court, as raised by the demurrer. We must therefore hold that the demurrer was not well taken and should have been overruled.

Judgment reversed, and defendant permitted to plead, upon payment of the costs in the court below within five days; costs of this appeal to the appellant to abide the event. All concur.