The court, at the request of the plaintiff's counsel, found as follows:

"Twenty-fourth. That in all the transactions in connection with said lunacy proceeding, or the proceedings to declare said Blakely again sane and restore him to his property, said Frank C. Ferguson conducted said proceeding and took said deed from Blakely to his wife with the full and complete knowledge on his part of the facts concerning this mortgage, its existence, that it was unpaid, and with full and complete knowledge on his part of the defect of the deed from Vellum, as committee, etc., to said Woodward, and with full knowledge and understanding on his part of all the facts before found relating thereto. That in all such proceedings and in all he did he was the agent of the defendant Julia E. Ferguson, and stipulates on this trial that she should be charged with notice of every fact within his knowledge. Therefore the defendant Julia E. Ferguson had full knowledge of all the facts at the time when she received from Blakely the deed and conveyance before described."

Mrs. Ferguson therefore is not an innocent purchaser. In the first place, she acquired her title with full knowledge of the plaintiff's mortgage. In the second place, there is no evidence in the case to show that she ever paid anything for this property. Ferguson did not testify, and there is no proof whatever that indicates she parted with anything when she obtained this title.

The judgment should be reversed.

Judgment reversed on the law and facts, and new trial ordered, with costs to the appellant to abide event. All concur, except McLENNAN, P. J., who dissents on opinion of court at Special Term.

---

(71 Misc. Rep. 253.)

ARMOUR v. SOUND SHORE FRONT IMPROVEMENT CO.

(Supreme Court, Special Term, New York County. February 24, 1911.)

1. CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—ACTIONS AGAINST.

Under Code Civ. Proc. § 1780, authorizing an action against a foreign corporation by a nonresident where the cause of action arose within the state, except where the object of the action is to effect title to real estate without the state, a nonresident who purchased land outside the state from a foreign corporation, and who paid the price in New York under a contract of sale by the acre, and who demanded in New York a return of the excessive payment made by mistake because of a deficiency in the acreage, may sue in New York for the excess; the cause of action arising in New York.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2595–2600; Dec. Dig. § 665.*]

2. PARTIES (§ 6*)—REAL PARTY IN INTEREST.

Where a contract of sale of real estate was made by an agent of the purchaser individually, and the deed was executed to the purchaser, "trustee," and to his heirs and assigns, and the price was paid by the purchaser individually, he could sue for an excessive payment resulting from a deficiency in the acreage, under Code Civ. Proc. § 449, as the real party in interest; the word "trustee" being merely a description of the person.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 6–8; Dec. Dig. § 6.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by J. Ogden Armour against the Sound Shore Front Improvement Company. Demurrer to affirmative defenses contained in the answer sustained.

Breed, Abbott & Morgan (Henry H. Abbott, of counsel), for plaintiff.

Eugene Lamb Richards, Jr. (Eugene Lamb Richards, Jr., and Rutherford B. Meyer, of counsel), for defendant.

LEHMAN, J. The complaint alleges that the defendant entered into a contract with one Chandler, acting for and on behalf of the plaintiff, whereby the said Chandler agreed to purchase and the defendant agreed to sell a certain tract of land in New Jersey at the rate of $7,000 per acre, the exact amount of acreage in said property to be determined by the official surveyor of the New Jersey Title Guarantee & Trust Company and the title to be passed at 150 Broadway, New York City; that thereafter the parties employed a surveyor to make the survey of the property to determine the acreage, and that the surveyor did survey the property, and prepared a map, and certified on the map that the property contained 17.02 acres; that thereafter the defendant in the city of New York tendered a deed, which the plaintiff accepted, and the plaintiff paid the defendant the sum of $107,140, being $7,000 multiplied by 17.02; that the deed described the distances as shown on the map made by the surveyor, and the plaintiff paid the sum mentioned, and the defendant accepted such payment in reliance upon the said survey, and believing that the lines extended for the distances stated in said deed, and that said property contained 17.02 acres.; that the plaintiff learned, and the facts are, that the distances are incorrect, and that the number of acres conveyed to the plaintiff by the defendant was but 14.499; that, relying upon the erroneous survey, the plaintiff paid the defendant by mistake at the rate of $7,000 for 2.54 acres of land more than was contained in the property to which he obtained title; and that by reason of such overpayment the defendant is indebted to plaintiff in the sum of $17,-467, payment of which was duly demanded of the defendant at its office in the city of New York and there refused. Incorporated in the complaint are copies of the contract, receipt of payment, and deed. The contract is in the name of "Elisha E. Chandler, acting for J. Ogden Armour"; the receipt is in the name of J. Ogden Armour, represented by R. W. Shauman; and the deed is to J. Ogden Armour, trustee.

The answer of the defendant contains three affirmative defenses, denominated the second, third, and fourth separate defenses, to which the plaintiff demurs. The second separate defense sets up that the plaintiff is a nonresident, the defendant is a foreign corporation, that the cause of action is for an alleged mistake which arose from a survey by a resident of New Jersey, made in New Jersey, and affects the title to 2.521 acres of land in New Jersey, and that therefore the court has no jurisdiction of the parties or the subject-matter of the action. Under the provisions of section 1780 of the Code the court has jurisdiction over actions brought to recover damages for the breach

of a contract made within the state or where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state. It seems to me that this court has jurisdiction under either provision. Where money is paid under mutual mistake of fact, it may be recovered after demand in an action for money had and received. While proceeding on equitable principles, this is a common-law action. Weston v. Brown, 158 N. Y. 360, 53 N. E. 36. "Money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled." Roberts v. Ely, 113 N. Y. 128, at page 131, 20 N. E. 606, at page 607. The law "implies a contract on the part of the plaintiff to repay it to the party from whom he had wrongfully obtained it." Andrews v. Artisans' Bank, 26 N. Y. 298, 301. "The classification of actions and defenses does not, in the Code, or by the ancient practice, recognize any distinction between express and implied contracts." Same case, page 301. "An action upon contract may be maintained on quasi contracts or contracts implied in law." Pache v. Oppenheim, 93 App. Div. 221, 87 N. Y. Supp. 704.

Since the action is brought for breach of the implied contract to repay the money on demand, it seems to me that it falls within subdivision 1 of section 1780. The implied contract is certainly made where the money is received, and the place where the contract was entered into under which such payment is made is immaterial. In view, however, of the distinction drawn in the case of Pache v. Oppenheim, supra, between the actions upon an implied contract and actions for damages for breach of a contract, I prefer to put my decision on the third subdivision of that section, although I believe that this distinction was intended by the court to apply only to the peculiar statute then under consideration.

The money was paid in New York, demanded in New York, and refused in New York. The cause of action, therefore, arose in this state. It is based, not on the mistake of the surveyor, but on the mistake of the parties in relying on that survey as to the amount of land conveyed, and that mistake was made at the place where the money was paid and the deed accepted. The object of the action is not to affect the title to real estate, but to recover money. The plaintiff claims, and by its demurrer the defendant admits, that both parties are agreed as to the particular land intended to be conveyed and actually conveyed by the deed, and the alleged mistake is only as to the size of that property. A question of real property law may be involved, but its determination will not change or affect the title to any part of this land, but will only determine the amount which the parties agreed should be paid. Even if a question of title should be involved, there is no dispute that defendant parted with his whole title, and if it should be determined that he did not have title to part of the land this cannot bind any third party who may own the land, nor affect his title. See Maier v. Rebstock, 68 App. Div. 481, 73 N. Y. Supp. 817.

It follows that the demurrer to this separate defense must be sustained.

The third separate defense alleges that the plaintiff, in taking the deed and in paying the money therefor, was acting as trustee for some person or corporation under some trust, and that he has no capacity to sue in an individual capacity. The contract, as stated above, is expressly made by the agent of the plaintiff individually. The complaint states that the money was paid by the plaintiff individually, and the deed was made to J. Ogden Armour, trustee, and to his heirs and assigns. The word "trustee" is therefore merely a description of the person. Van Schaick v. Lese, 31 Misc. Rep. 610, 66 N. Y. Supp. 64. There is nothing to show that plaintiff is not the real party in interest; but even if it should be true that he was acting only as trustee, yet the contract was made in his name, the trust was undisclosed, and a recovery by him individually would bar any action by him as trustee. He is therefore permitted to bring the action in his own name within provisions of section 449 of the Code.

The fourth separate defense contains merely an allegation that plaintiff is not the real party in interest, and is open to all the objections made to the third separate defense.

Demurrer must be sustained, with costs.