(86 Misc. Rep. 22)

JAMES C. McGUIRE & CO. v. H. G. VOGEL CO.

(Supreme Court, Appellate Term, First Department. June 11, 1914.)

1. COURTS (§ 188*)—MUNICIPAL COURT—JURISDICTION—MONEY PAID UNDER DURESS.

A Municipal Court has jurisdiction of a suit to recover money alleged to have been paid under duress.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. PAYMENT (§ 89*)—PAYMENT UNDER DURESS—THREATS—RESORT TO LEGAL REMEDY.

A complaint alleged that plaintiff, having contracted with defendant to install an automatic fire sprinkler system conforming to the requirements of the New York Fire Insurance Exchange, paid defendant a large part of the contract price when the exchange required the installation of certain floor valves; that this requirement was covered by the contract, and defendant, having installed the valves, in order to wrongfully obtain from plaintiff $395, and to injure and prejudice plaintiff in the completion of its contract, threatened that, unless he paid such sum within three days, defendant would issue a replevin suit and remove the system from the premises, which threatened action would cause plaintiff irreparable injury, whereupon plaintiff, under duress by reason of such threats, paid the money. Held, that the complaint alleged that defendant threatened to prosecute an unfounded claim, and to wrongfully resort to legal process for extortion, which constituted duress sufficient to entitle plaintiff to recover the payment made.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 291–296; Dec. Dig. § 89.*]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by James C. McGuire & Co. against the H. G. Vogel Company. From a Municipal Court judgment for plaintiffs, entered on the overruling of a demurrer following defendant's failure to plead over, as permitted by the interlocutory judgment, defendant appeals. Interlocutory judgment affirmed, with leave to defendant to withdraw demurrer and answer. Affirmed.

See, also, 148 N. Y. Supp. 178.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

David Bernstein, of New York City, for appellant.
Warren McConihe, of New York City, for respondent.

GUY, J. This action was brought to recover money had and received, alleged to have been paid under duress. The complaint alleges that on or about April 23, 1913, plaintiff was the general contractor for the construction of a building, and that on said date it entered into a contract in writing with the defendant, wherein and whereby defendant agreed to install an automatic fire sprinkler system in said premises, which should conform with the requirements of the New York Fire Insurance Exchange and be approved by said Exchange, for the

sum of $7,850, which plaintiff agreed to pay therefor; that on June 12, 1913, the New York Fire Insurance Exchange required the installation of certain floor valves, which requirement was covered by said agreement between plaintiff and defendant, and was part of the defendant's duty to install; that on or about October 18, 1913, defendant "in order to wrongfully obtain from this plaintiff the sum of $395, and to injure and prejudice this plaintiff in the completion of its contract with the owner of said building, * * * falsely, fraudulently, illegally, and with intent to oppress this plaintiff, threatened this plaintiff that unless it paid the said defendant $395, being the alleged value of said requirements of the New York Fire Insurance Exchange in said sprinkler system, within three days, that it, the said defendant, would issue a replevin suit and remove the sprinkler system from said premises, notwithstanding the fact that this plaintiff had paid almost the entire purchase price thereof, which threatened action on the part of this defendant would have caused this plaintiff irreparable injury and damage"; that on or about January 16, 1914, plaintiff, under protest and solely by compulsion and under duress, and by reason of the aforesaid threats, was compelled to and did pay the said defendant the said sum of $395, which amount plaintiff now seeks to recover.

[1] The contention that the Municipal Court was without jurisdiction of such a cause of action is not well founded. Wilkenfeld v. Lynn, 55 Misc. Rep. 270–272, 105 N. Y. Supp. 71. Defendant appellant further urges that the complaint merely alleges a threat to resort to legal process or pursue a legal remedy, and therefore did not constitute duress, citing Dunham v. Griswold, 100 N. Y. 224, 226, 3 N. E. 76; Lilienthal v. Bechtel Brg. Co., 118 App. Div. 205, 207, 102 N. Y. Supp. 1051. While the mere threat to pursue a legal remedy to which one is entitled does not constitute duress, because duress must be a wrongful act, and to prosecute a valid claim is not wrongful, irrespective of motive (Martin v. New Rochelle Water Co., 11 App. Div. 177, 42 N. Y. Supp. 893, affirmed 162 N. Y. 599, 57 N. E. 1117; Lilienthal v. Bechtel Brg. Co. supra), the threat to pursue a legal remedy to which one is entitled, as alleged in the complaint herein, may amount to duress.

[2] The complaint alleges that defendant threatened to prosecute an unfounded claim, and to wrongfully resort to legal process, for purposes of extortion. If the fact of extortion is established, and there has been added to it the further fact that the person upon whom the extortion is practiced was in such a necessitous condition that, to avoid a greater harm and damage, he was forced to submit to the extortion, then the element of consent will not be deemed to exist, and the contract will be avoided. Van Dyke v. Wood, 60 App. Div. 208, 215, 70 N. Y. Supp. 324; Harmony v. Bingham, 12 N. Y. 99, 62 Am. Dec. 142.

"It has come to be the rule of law in this country * * * that, where one is presented with the contingency of serious loss or damage to his property or of a submission to an extortionate claim, if he pay the claim or make the contract which is extorted from him, it is not to be considered a voluntary act, and it may be set aside on the ground of duress." Van Dyke v. Wood, supra, 60 App. Div. page 213, 70 N. Y. Supp. page 327.

Whether there was duress, a state of mind in which the person who seeks to avoid his act was, by the act or conduct of another, deprived of the power of voluntary action or consent, is ordinarily a question of fact, and, where duly alleged, furnishes the basis of a good cause of action.

The defendant appellant relies mainly in its brief upon certain clauses stated by it to have been part of the contract between plaintiff and defendant; but the contract as set forth in the complaint contains no such provisions, and they cannot be considered in passing upon this demurrer.

The complaint alleges a good cause of action to recover moneys paid under duress by plaintiff to defendant; said duress being a threat, made for purposes of extortion, to illegally and fraudulently use a process of court in the prosecution of an unfounded claim, with the avowed intent of destroying and removing property belonging to plaintiff.

Interlocutory judgment affirmed, with leave to defendant to withdraw demurrer and answer within five days, upon payment of costs in this court and in the court below.

PENDLETON, J., concurs.   BIJUR, J., dissents.