John B. O'Connor, Plaintiff, *v.* James F. Dorney, as Administrator etc., of Patrick McKittrick, Deceased, Defendant.

(Municipal Court of the City of New York, Borough of Brooklyn, Seventh District, November, 1916.)

Pleading — allegations contained in complaint in action to recover for services — where complaint states no cause of action against administrator in his representative capacity.

The complaint in an action by an undertaker to recover for services and materials furnished in connection with the burial of a decedent, which contains no allegation from which the court can find or infer that plaintiff was under any obligation to bury decedent, states no cause of action against the administrator of her estate in his representative capacity.

Action against administrator to recover funeral expenses.

Joseph J. Weinblatt, for plaintiff.

Henry A. Ingraham, for defendant.

Richards, J. The plaintiff, an undertaker, sues defendant as administrator, alleging in substance only

the following facts: That about June 1, 1915, one McKittrick died; that plaintiff furnished services and materials "in and to the burial of the decedent," worth $901; that McKittrick left a will naming an executor who renounced; that such will was thereafter probated and defendant appointed administrator with the will annexed and duly qualified; that plaintiff presented a claim for $901 which was rejected, and no part of claim paid.

Defendant appeared specially under section 78, subdivision 8, of the Municipal Court Code and objected, contending that this court has not jurisdiction of the subject-matter of the action.

The question submitted for determination is, whether the facts alleged establish a contract, express or implied, between the parties. Plaintiff relies upon the authority of *Pache* v. *Oppenheim,* 93 App. Div. 221, where a husband who had paid his wife's funeral bill was permitted to recover from the executrix of her estate. But in that case there was one element, vital to plaintiff's recovery, which does not appear here. The husband was under legal obligation to see to the proper interment of the body of his wife, and the estate of the decedent was liable for the reasonable funeral expenses of the decedent. Because of these two liabilities imposed by law, the court held that the estate was liable to the husband upon the *quasi* contract, and also held that an action upon *quasi* contract was within the provisions of law which give jurisdiction to this court in actions "upon a contract, express or implied."

But in the case at bar there is no allegation from which the court can find or infer that the plaintiff was under any obligation whatsoever to bury the decedent.

In the case of *Patterson* v. *Patterson,* 59 N. Y. 582, 583, the court (quoting in part from other authorities) says: "And where the owner of some estate dies, the

duty of the burial is upon the executor. And our Revised Statutes recognize this duty, in that the executor is prohibited from any interference with the estate until after probate, except that he may discharge the funeral expenses. From the duty springs a legal obligation, and from the obligation the law implies a promise to him, who, in the absence or neglect of the executor, not officiously, but in the necessity of the case, directs a burial and incurs and pays such expense thereof as is reasonable.''

From this statement of the law it seems clear that the plaintiff does not allege facts from which the court can find or infer an obligation on the part of the defendant to pay for the services rendered and materials furnished by the plaintiff, and, therefore, shows no contract.

Section 2686 of the Code affords the plaintiff a remedy, but the court does not hold that such remedy is exclusive.

The objection is sustained, with leave to the plaintiff to plead again within five days after the entry and service of an order to be entered hereon, and upon payment of ten dollars costs.

Ordered accordingly.